INHABITANTS OF OLDTOWN *vs*. SAMUEL H. BLAKE.

Penobscot.　Opinion January 5, 1883.

*Taxes, action for.　Stat. 1874, c. 232.　Description.　Collector.*

Unimproved land may be taxed to an owner residing in another town in the state.　He is liable to taxation for such land, and is precisely within the terms of stat. 1874, c. 232.　That statute does not repeal the old method of collecting taxes nor is it limited by them.

A description by which the owner can know with reasonable certainty for what lands he is assessed, is sufficient.

When to a sufficient description of land bordering upon a river the words — "and boom," are added, they indicate with reasonable certainty a boom which extended along the river in front of the land.

A collector of taxes who was not sworn, is an officer *de facto*, having certain powers.　Payment to him would discharge a tax.　And a demand made by him is a sufficient demand to comply with the provisions of stat. 1874, c. 232, when the refusal to pay is put upon other grounds than any want of qualification on the part of the collector.

ON EXCEPTIONS.

Debt under stat. 1874, c. 232, to recover taxes assessed in the town of Oldtown, in 1880, to the defendant, a resident of Bangor, on property described in the list of assessments of said town, for that year, as follows:

| "Description. | Acres. | Value. | Dol. | Cts. |
|---|---|---|---|---|
| "Lot No. 14, Walker tract, | 50 | 100 | 3 | 10 " |
| "So much of lots 19 and 20, Holland's plan, east side of Marsh Island, as lies east of Grass Island road, so-called, (except that part occupied by Theodore Jellison, Lucy Gilman, George Ballard, and R. M. Woodman, and that part taxed to N. Godfrey's heirs,) and boom, | 1500 | 46 | 50 " |

The writ was dated March 18, 1881.

The following is a diagram of the premises used at the trial:

On the question of demand before commencing this suit the collector testified as follows:

"I made demand of Mr. Blake for his taxes, first, by sending him

by mail, about July 1, 1880, a schedule of his property, taxed for that year being same parcels hereinbefore set forth and described, including said lots thirteen and fifteen, and with the schedule, enclosed a notice filled out of which the following is the blank form :

" 'Oldtown,......... 1880.

"Mr.......................

" 'The amount of your state, county and town taxes committed to me for collection for 1880, is $....... . A discount of ten per cent will be made if paid on or before September 1st, 1880.

" 'The delivery of this bill is considered a legal demand.

E. R. Alford, Collector.'

.   .   . "I afterward, about the last of December, 1880, went to Mr. Blake's office in Bangor, and made a demand in person for the balance of his tax. Did not specify any particular amount. Do not think I showed him the amount, nor what was due on either parcel, or ask him for the tax on either lot specifically. My demand was for the aggregate amount of his tax,— the balance that was due on the whole without naming any amount, and Mr. Blake declined to pay and found fault with the valuation and with the description."

Other material facts are stated in the opinion.

The presiding justice ruled, *pro forma*, that plaintiffs were entitled to recover the amount sued for, with interest and costs, and directed a verdict for the plaintiffs for fifty-two dollars and seventy cents, costs to follow, to which ruling and direction the defendant excepted.

*Charles P. Stetson* and *J. A. Blanchard*, for the plaintiffs, cited : *People* v. *Collins*, 7 Johns. 549 ; *Millett* v. *Millett*, 72 Maine, 117.

*D. F. Davis* and *C. A. Bailey*, for the defendant.

Without statutory provision a non-resident owner is not liable to taxation. The assessors have jurisdiction only of the inhabitants of their town and of property within it. *Herriman* v. *Stowers*, 43 Maine, 497 ; *Alvord* v. *Collin*, 20 Pick. 426 ; *Hartland* v. *Church*, 47 Maine, 169. R. S., c. 6, § 115, taxes the non-resident

owner of improved lands. And there is no allegation in the writ that this was improved land. *Drowne* v. *Stimpson*, 2 Mass. 444; *Williams* v. *Hingham Turnpike Co.* 4 Pick. 345.

This action is authorized only by § 115. It is not within stat. 1874, c. 232. That act applies to resident owners and such non-residents as are taxed under R. S., c. 6, § 116, for personal property. It would be monstrous to apply it to non-resident owners of real estate who have no voice in creating the liability. Hence nothing is to be presumed in favor of its application.

By § 115, an action is authorized after six months from the time the assessments are committed, and a written notice is required two months prior to commencing a suit. But this act allows a suit at any time—not even a demand being necessary except for the purpose of insuring costs; and as a failure to recover costs does not give them to the opposite party, it becomes a matter of comparative indifference whether a demand is made or not. In *Thompson* v. *Gardner*, 10 Johns. 404, the court say: "It would be an alarming doctrine to say that a collector of taxes might sue immediately every person upon his assessment roll without first demanding payment of the taxes." Yet this act contains within itself this "alarming doctrine" and is an arbitrary infringement of well established principles of jurisprudence.

The description was insufficient and the assessment void for uncertainty. *Orono* v. *Veazie*, 61 Maine, 431; *People* v. *Com.* 48 Cal. 427; *Greene* v. *Lunt*, 58 Maine, 533; *Rollins* v. *Clay*, 33 Maine, 132; Cooley on taxation, 279; *Boothbay* v. *Race*, 68 Maine, 356-7.

In any event no costs are recoverable in this suit because no proper demand was made. *York* v. *Goodwin*, 67 Maine, 262; Blackwell, Tax Titles, 170; *Cavis* v. *Robinson*, 9 N. H. 524; *Payson* v. *Hall*, 30 Maine, 319; *Gould* v. *Monroe*, 61 Maine, 547; *Farnsworth Co.* v. *Rand*, 65 Maine, 21; *Welles* v. *Battelle*, 11 Mass. 481.

SYMONDS, J. This is an action of debt, brought for the collection of taxes under the act of 1874, c. 232. The defendant was a resident of Bangor, owning real estate in Oldtown. Whether such real estate was improved or not, it was subject to

assessment for taxes.  R. S., c. 6, § § 2, 3, 9, 28, 159.  The provisions of the statutes of 1821, § 30, (Mass. Stat. March 16, 1786, § 7,) in regard to the unimproved lands of non-resident proprietors, under which it was held in *Rising* v. *Granger*, 1 Mass. 48, and in *Alvord* v. *Collin*, 20 Pick. 426, that the tax was a lien upon the land itself and not a personal charge against the owner, are not a part of our present statutes relating to taxation. Unimproved lands may be taxed to an owner residing in another town in the state.  He is liable to taxation for them, and is therefore precisely within the terms of the act of 1874, c. 232, providing this further method for the collection of taxes.  If the lands were improved, this act of 1874 affords a method of collecting the taxes upon them, additional to that given by R. S., c. 6, § 115.  It is a new mode provided generally "for the collection of taxes legally assessed in towns, against the inhabitants thereof ·or parties liable to taxation therein."  It does not repeal the old methods, nor is it limited by them.  The question, whether these lands were improved or not, therefore, is of no importance in deciding the case.

In *French* v. *Patterson*, 61 Maine, 209, it is said, "The statute does not require, nor is it often practicable that the assessors of taxes should give a minute description of the non-resident lands assessed by them.  It is sufficient if they so describe them in their assessment that they can be identified with reasonable certainty."  The rule given in *Orono* v. *Veazie*, 61 Maine, 433, is that, "the description of the real estate assessed, in this class of cases, must be certain or refer to something by which it can be made certain."

In the present case, we think the description was such that the owner could know with certainty for what lands he was assessed.  So much of two contiguous lots, numbered nineteen and twenty, on a plan known and mentioned, as lies east of a certain road, is a good description.  There appears to have been but one road across the lots, and the evidence was, that what was called the Grass Island road by the assessors, was the same as the Orson Island road mentioned in the deed to the defendant.

The whole tract was sufficiently described, and the exceptions from it seem to be clear enough to be intelligible.

The assessors in their description of the premises except from the whole tract just mentioned, "that part occupied by Theodore Jellison, Lucy Gilman, George Ballard and R. M. Woodman;" while the deed to the defendant excepts from the tract conveyed to him, "the lot occupied by R. M. Woodman and the three lots adjoining, and north of said lot, each of which is four rods wide on said Orson Island road, and extending eight rods east according to the plan of said Wadleigh."

These exceptions are the same, and sufficiently stated in the assessment. The fact was, — and it must have been reasonably certain to the defendant, — that the parts excepted, were those to which his deed gave him no title.

The other exception in the description of the land taxed is of "that part taxed to N. Godfrey's heirs." This may be more doubtful. But it is to be noticed that this last exception is not in terms contained in the deed of these premises to the defendant. The whole tract is conveyed to him with the four exceptions previously stated. Whatever title or occupation the Godfrey heirs had, must have been out of the estate which the deed conveyed to him, or upon the lots excepted from the operation of the deed. This fact, we think, aids the last exception somewhat, and that the description, taken as a whole, was intelligible and reasonably definite.

It was one tract which was described in the deed and by the assessors, although consisting of parts of two contiguous lots on the Holland plan; and when to a sufficient description of such a tract, the words, " and boom", were added by the assessors, they seem to the court to identify with reasonable certainty the boom which is shown by the evidence and diagram to extend along the front of those lots, constituting the chief value of the premises. For purposes of taxation, the boom affixed to the land was real estate. R. S., c. 6, § 3. The assessment was in effect one upon a single parcel of real estate with the erections upon it, as if a lot of land were described and the words, " and buildings," were added.

Supposing the collector to have been duly qualified to act, the demand made by him in December, 1880, was a sufficient one.

It was a personal demand upon the defendant for the taxes due, the amount of them having been previously stated to him in writing; and he "declined to pay and found fault with the valuation and with the description."

The collector was duly chosen and had given bond but had not taken the oath of office. It may be true that a collector who has not been sworn has not that full authority required to enable him to make a legal sale of lands for non-payment of taxes. *Payson* v. *Hall,* 30 Maine, 319. But if he is acting under his warrant, with no other defect in his authority than that, he is at least an officer *de facto*, having certain powers. Payment to him would discharge the tax. The fact that the collector to whom the tax had once been paid was not sworn, would not enable the town to collect the tax a second time. Under the act of 1874, the defendant is not liable to costs, unless the tax was demanded before the action was brought. But when, prior to the suit, the demand had been made by an acting collector, having authority to discharge it, and when the refusal to pay was put upon other grounds than any want of qualification on his part, the court correctly awarded costs in favor of the plaintiffs. See *Greene* v. *Walker*, 63 Maine, 313; *Belfast* v. *Morrill* 65 Maine, 580.

> *Exceptions overruled. Judgment on the verdict.*

*Memorandum.* It is understood by the parties that the plaintiffs are to remit the sum of $1.55 and interest thereon, from the amount of the verdict, before the above entries are made.

APPLETON, C. J., WALTON, DANFORTH, VIRGIN and PETERS, JJ., concurred.