## Ella I. Hunt *vs.* Arthur B. Latham.

### Androscoggin.    Opinion May 15, 1922.

*In a deed of real estate sold for taxes against a non-resident owner the description,*
*"Grand View Hotel—West Auburn" is sufficient, in the absence of any con-*
*tention that there was more than one piece of property at West Auburn,*
*known as "Grand View Hotel." The court may resort to*
*extrinsic or parol evidence to locate the boundaries of*
*the land so designated.*

In an assessment of taxes against a non-resident owner of real estate, a record of assessment and valuation, showed the following particulars: in the column entitled "Description of Real Estate," "Grand View Hotel,—West Auburn"; in the column entitled "Value of Land," $100; in the column entitled "Value of Buildings," $1500; and in the column entitled "Total Assessment," $1600:

*Held:*

A sufficient description to support a sale for non-payment of taxes so assessed, in the absence of any contention that there was more than one piece of property at West Auburn, known as "Grand View Hotel."

Whenever land is occupied and improved by buildings or other structures designed for a particular purpose, which comprehends its practical beneficial use and enjoyment, it is aptly designated and conveyed by a term which describes the purpose to which it is thus appropriated.

The court may resort to extrinsic or parol evidence to locate the boundaries of the land so designated.

On report on an agreed statement.    This is a writ of entry brought to determine the validity of a tax deed and the sufficiency of the description therein, and in the assessment.    Judgment for defendant.

The case is stated in the opinion.

*George C. Wing and George C. Wing, Jr.,* for plaintiff.

*Getchell, Hosmer & Garcelon,* for defendant.

Sitting:  Cornish, C. J., Spear, Hanson, Dunn, Morrill, Deasy, JJ.

Morrill, J.  This real action is submitted for our decision upon an agreed statement of facts which on account of its brevity is here copied in full:

"That plaintiff at the time of the bringing of the action had title to the property in question unless the tax deed relied upon by the defendant was valid.

And it was agreed that all the statutory requirements were fulfilled with the exception of the sufficiency of description in the tax deed and in the assessment.

The description in the tax deed is, "the following described real estate situated in said City of Auburn, to wit: Grand View Hotel, West Auburn."

The record of the commitment and assessment relating to the property in question in various columns is as follows; in the column provided for the name of person taxed, appeared Edna N. Pope, care of Mr. Scott, Franklin Real Estate Trust, Journal Building, Boston, Mass.; in the column entitled "Description of Real Estate" appeared "Grand View Hotel,—West Auburn;" under the column entitled "Value of Land" appeared the figures $100; under the column entitled "Value of Buildings" appeared the figures $1500; and under the column "Total Assessment" appeared the figures $1600.

It is admitted that April 1, 1916, Edna N. Pope was non-resident owner of the premises and was so described in the tax deed."

Thus the validity of the tax deed relied upon by defendant is the issue submitted for our decision, and that issue is still further narrowed to the sufficiency of the description in the tax deed and in the assessment.

In *French* v. *Patterson*, 61 Maine, 203, the rule governing this question is thus stated: "The statute does not require, nor is it often practicable that the assessors of taxes should give a minute description of the non-resident lands assessed by them. It is sufficient if they so describe them in their assessment that they can be identified with reasonable certainty." In *Inhbts. of Orono* v. *Veazie*, id. 433, it is said: "The description of real estate assessed, in this class of cases, must be certain, or refer to something by which it can be made certain."

We think that the description before us conforms to these requirements.

The property was assessed as real estate; the land and buildings were valued separately as required by law in case of real estate; the property was described by a name indicative of the uses to which it was put, and the section of the city, where it was situated, is given.

Such a description must be held to include the land appertaining to the hotel building and used with it for the purposes of a hotel. 3 Washburn on Real Property, 4 Ed., Page 397. (Book III, Ch. V, Sec. 4, Par. 33, 34). *Maddox* v. *Goddard*, 15 Maine, 218; *Moore* v. *Fletcher*, 16 Maine, 63, 66. *Cunningham* v. *Webb*, 69 Maine, 92, 96. The term "house", or "barn", or "mill" or "cottage" are familiar instances of a conveyance of a fee in land by a general description, applicable only to the purpose for which the land is used at the time of the grant. Whenever land is occupied and improved by buildings or other structures designed for a particular purpose, which comprehends its practical beneficial use and enjoyment, it is aptly designated and conveyed by a term which describes the purpose to which it is thus appropriated. *Johnson* v. *Rayner*, 6 Gray, 107, 110.

In the absence of any contention that there was more than one piece of property at West Auburn, known as "Grand View Hotel," we think that this description in assessment and deed clearly indicated the property taxed, and afforded a nucleus by which parol evidence may be legally available to render certain what property was intended. *Inhbts. of Orono* v. *Veazie*, supra.

The counsel for plaintiff, in argument, inquires "Where are the limits of the land taxed?" But the court may resort to extrinsic or parol testimony to locate the boundaries. *Brown* v. *Hazen*, 12 Maine, 164, 179. *Bell* v. *Woodward*, 46 N. H., 315, 322. One illustration will suffice; a description reading "my homestead farm, situated in A." is sufficient, and parol evidence may be received to identify the parcels of land of which it is composed, and their boundaries.

We hold therefore, that the description in both assessment and deed is sufficient; the record before us, however, does not contain the description of the demanded premises as given in the writ, nor any evidence that the premises so described were known as "Grand View Hotel." But the agreed statement has the following: "That plaintiff at the time of the bringing of the action had title to the property in question unless the tax deed relied upon by the defendant was valid." We construe this stipulation as meaning that no question is raised that the demanded premises were and now are known and capable of identification as the Grand View Hotel.

*Judgment for defendant.*