OCEANIC HOTEL COMPANY
*vs.*
GEORGE F. ANGELL

Cumberland.   Opinion, January 30, 1948.

*Frederic J. Laughlin,*
*Jacobson and Jacobson,*           for plaintiff.

*Pinansky and Pinansky,*           for defendant.

SITTING: STURGIS, C. J., THAXTER, MURCHIE, TOMPKINS, FELLOWS, JJ.

STURGIS, C. J.   This real action, brought to recover possession of land on Peaks Island in the City of Portland, was referred by agreement of the parties and approval of the court.   The finding was for the defendant.   The report of the Referees was accepted against objections and exceptions reserved.

The lands described in the writ and owned by the demandant, the Oceanic Hotel Company, were sold to the City of Portland for taxes assessed in the years 1939 and 1940 and as three separate lots.   After the period of redemption expired the properties were conveyed to the defendant.   The descriptions in the tax deeds each year were the same and as follows:

> "The following described real estate, situated in the City of Portland, to wit: Land hotel 'Oceanic House' $3,225 and garage $100 S side Pleasant Ave. Peaks Island Plan 92 Block G Lot 3 Approx Area 14119 sq ft."

"The following described real estate situated in the City of Portland, to wit: Land S side Pleasant Ave. Peaks Island Plan 92 Block G Lot 2 Approx. Area 17029 sq ft."

"The following described real estate situated in the City of Portland, to wit: Land E side Island Ave. and N W side Pleasant Ave., Peaks Island Plan 92 Block B, Lot 4 Approx. Area 11078 sq ft."

As the record clearly indicates that in other respects there was full compliance with all requirements of law in these tax sales, the sufficiency of the descriptions is the controlling issue submitted for decision.

It is well settled that while minute descriptions of lands assessed and sold for taxes are not required, the lands must be so described that they can be identified with reasonable certainty and the descriptions must be certain or refer to something which can be made certain. *Oldtown* v. *Blake,* 74 Me. 280; *French* v. *Patterson,* 61 Me. 203; *Orono* v. *Veazie,* 61 Me. 431; *Adams* v. *Larrabee,* 46 Me. 517.

The first lot of land sold to the City of Portland for 1939 taxes and called the "Oceanic House" and garage is described with the required certainty. The name by which apparently it alone is generally known and indicative of the uses to which it has been appropriated, as also the section of the city where it is situated, are stated and clearly indicate the property taxed. Such a description in a tax deed and an assessment has long been held sufficient. *Hunt* v. *Latham,* 121 Me. 303. It is not made uncertain by inclusion here of the approximate area of the property taxed, which appears to be merely an estimate and not intended as a controlling recital.

Nor is the sufficiency of the description in the 1939 tax deed of the "Oceanic House" and garage impaired by reference to Plan 92 Block G Lot 2 without designation of the plan by name or place of deposit. Such an uncertain reference does not make any plan a part of the deed or measure the extent of the lands conveyed. And parol evidence to

show that an existing plan was the one intended cannot be received. *Chesley* v. *Holmes,* 40 Me. 536, 546; *Thrasher* v. *Royster,* 189 Ala. 350. See also *Satterstrom* v. *Glick Bros. Sash, Door & Mill Co.,* 5 P. 2nd (Cal.) 21; *Connors* v. *Lowell,* 209 Mass. 111, 120, 122; *Kenyon* v. *Nichols,* 1 R. I. 411. No more do we think that such a reference to an unidentified Plan makes any plan a part of the assessment. There the lands taxed must be definitely and distinctly described, the assessment must be as complete in and of itself as a deed and parol evidence cannot be resorted to for the purpose of supplying deficiencies in the description. *Greene* v. *Lunt,* 58 Me. 518, 533. The reference here to Plan 92 Block G Lot 2, without further identification, does not meet these requirements and as in the tax deed must be disregarded. Without these references the deed and the assessment conform and their descriptions are sufficient.

As the title obtained by the City of Portland through the sale of the Oceanic House lot for the 1939 tax assessed upon it and since conveyed to the defendant must be upheld, the validity of the tax title growing out of the sale of this property for the 1940 tax needs no decision. That title, such as it was, has vested in the defendant and is not a cloud upon his title under the sale for the 1939 tax which on this record is as against the defendant and all others complete. The finding of the Referees that the defendant owns the second and third lots demanded and described in the Writ of Entry as the first and second of the lots known as the Oceanic House and is entitled to judgment therefor was not error.

As to the other lands demanded, which may be denominated the first and fourth Lots, the defendant shows no title and the acceptance of the report of the Referees that for them he should have judgment was clearly wrong. He has only the title which the City of Portland received as highest bidder for two lots of land on Peaks Island sold for 1939 and 1940 taxes. Both years the same descriptions were used in the tax deeds and each lot was described as land at

Peaks Island with the street and side thereof on which it is located given as also its approximate area and as to one there is a reference to Plan 92, Block G, Lot 2 and as to the other to Plan 92, Block B, Lot 4. As already pointed out, such uncertain references to plans do not make any plans or their details of description parts of the tax deeds. Without any plans the descriptions all being alike are entirely indefinite and clearly insufficient. *Orono* v. *Veazie, supra.* The reception of parol evidence to identify certain Assessor's Plans as the plans intended was error. *Chesley* v. *Holmes, supra; Thrasher* v. *Royster, supra.* These tax deeds are invalid and through them the defendant has acquired no title to the first and fourth lots demanded. He was not entitled to judgment for these lands.

As the acceptance of the Referees' report must be set aside for the errors stated, determination of other issues raised by the written objections is not required. Established rules of procedure govern the disposition of the case in the trial court.

*Exceptions sustained.*