Annie OUELLETTE

v.

Donat R. DAIGLE.

Supreme Judicial Court of Maine.

May 10, 1966.

Jerome G. Daviau, Waterville, for plaintiff.

Alfred E. LaBonty, Jr., Madawaska, for defendant.

Before WILLIAMSON, C. J., and WEBBER, TAPLEY, MARDEN, RUDMAN, and DUFRESNE, JJ.

WILLIAMSON, Chief Justice.

This is an appeal from a summary judgment for the defendant. The plaintiff brought a real action to recover certain described premises in the Town of St. Agatha declaring upon her own seisin within twenty years last past and alleging disseisin by the defendant, and including a claim for rents and profits and for destruction and waste. Title and possession with damages were demanded Maine Rules of Civil Procedure, Rule 80A. The defendant in her answer denied the allegations of the complaint and alternatively in the event title was found to

be in the plaintiff, counterclaimed for betterments with damages set at $9,000.

At this stage the plaintiff moved for an interlocutory summary judgment "on the ground that there is no genuine issue as to any material fact * * *" The accompanying affidavit of the plaintiff among other matters stated her ownership in fee and in common of premises in St. Agatha described in the complaint with reference to a recorded warranty deed to one Honore Martin, of which a copy was made a part of the affidavit and that she had not received the tax claim notices required by law.

The defendant in his turn filed a motion to strike plaintiff's affidavit and a motion for a summary judgment dismissing the action "on the ground that there is no genuine issue as to any material fact", based on the pleadings and the affidavit of Sylvio Michaud. The motion to strike for lack of personal knowledge by the affiant and on other grounds, was never acted upon by the Court. See Maine Rules of Civil Procedure, Rule 56. With the denial of plaintiff's motion for summary judgment, the motion to strike became an empty vehicle and disappeared from the Court's view without loss to either litigant.

Returning to Michaud's affidavit filed in opposition to plaintiff's motion and in support of defendant's motion, it appears that he was treasurer, town manager, and tax collector of St. Agatha during the years in question; that in 1961, 1962, and 1963 he filed lien claims in the Registry of Deeds; that notice was given to the plaintiff by registered mail; that in substance the requirements of the statute (now 36 M.R.S.A. § 942) were met; that on July 2, 1964, as treasurer of St. Agatha by quit claim deed he conveyed the title to the property "as set forth and described in each of the three tax liens" to the defendant by deed recorded in the Registry of Deeds; and lastly, to quote from the affidavit:

"6. That the description that I used in each of the three tax liens referred to herein, and also in the Quitclaim Deed is the same description of the property on which the tax was assessed. That the description 'Lot #1571' used in the said liens and the said deed refers to the Assessors Plan of the lots of the Town of St. Agatha on file in the town office of St. Agatha and also on file in the Northern Aroostook Registry of Deeds in Plan Book 2 Page 61."

The presiding Justice in granting the defendant's motion for summary judgment and in denying plaintiff's motion therefor said, as appears from the docket:

"December 21, 1965. Each of the Parties have filed motions for Summary Judgment, attaching affidavits and exhibits. Title 36 Section 942 (R.S.1954, C. 91-A-Sec. 88) directs the tax collector to 'send by registered mail * * * a notice. * * *' The Plaintiff denies receiving any notice. The facts are not otherwise in dispute. The tax lien mortgage is prima facie evidence of the truth of the statements therein contained and, no such statements being denied, becomes conclusive. It is also noted that no counteraffidavit has been filed denying the Plaintiff's signature on the registered mail receipts. As a matter of law, and limited by the issues raised by the motions, the Defendant is entitled to have his Motion for Summary Judgment granted, and it is so Ordered."

The plaintiff charges error (a) in the granting of defendant's motion for summary judgment, and (b) in the denial of plaintiff's motion for interlocutory summary judgment "for the reason that there was an insufficient description of the property."

The Court below in acting on the motions did not consider the bearing of the description of the premises upon the sufficiency of the notice. The plaintiff does not object to the method, i. e., registered mail duly received, used to give her the required notice of the lien claimed. The objection is that the notice given was in each instance insufficient and invalid as the basis for the

tax title claimed by the defendant against the plaintiff's ownership under deed.

We are satisfied that the description in the tax liens reading, "a tax * * * duly and legally assessed to real estate in said Municipality, [St. Agatha] and assessed against [the plaintiff], as owner thereof, said real estate being bounded and described as follows: Lot #1571" was insufficient to place title in St. Agatha.

From the tax liens attached to the affidavits it is apparent that the same insufficient description was used in the lien claim notices sent to the plaintiff.

There is nothing in the record to fix the location of the premises within St. Agatha. The Assessor's plan, filed both in the town office and in the Registry of Deeds, may not be placed in evidence to establish the bounds.

█ "Lot #1571" in St. Agatha is not a sufficient description under the tax statutes. "[A] description of the real estate taxed sufficiently accurate to identify it"—36 M. R.S.A. § 552—tax lien; "notice in writing * * * describing the real estate on which the tax is asessed" and "a tax lien certificate * * * setting forth * * * a description of the real estate on which the tax is assessed".—36 M.R.S.A. § 942—tax lien certificate.

"Nor is the sufficiency of the description in the 1939 tax deed of the 'Oceanic House' and garage impaired by reference to Plan 92 Block G Lot 2 without designation of the plan by name or place of deposit. Such an uncertain reference does not make any plan a part of the deed or measure the extent of the lands conveyed. And parol evidence to show that an existing plan was the one intended cannot be received. * * * No more do we think that such a reference to an unidentified Plan makes any plan a part of the assessment. There the lands taxed must be definitely and distinctly described, the assessment must be as complete in and of itself as a deed and parol evidence cannot

be resorted to for the purpose of supplying deficiencies in the description. * * * The reference here to Plan 92 Block G Lot 2, without further identification, does not meet these requirements and as in the tax deed must be disregarded. Without these references the deed and the assessment conform and their descriptions are sufficient." Oceanic Hotel Co. v. Angell, 143 Me. 160, 162, 57 A.2d 143.

There is here a fatal lack of reference, in the words of Perry et al. v. Inhabitants of Lincolnville et al., 149 Me. 173, 179, 99 A. 2d 294, "to something by which it (the description of the land) can be made certain." The reference in the deed from the town to the defendant leads only to the tax lien certificates, and there the trail leading to a sufficient description ends. Kelley v. Jones, 110 Me. 360, 86 A. 252.

The wide spread between the reasons for the Court's decision below, supra, and the points of appeal comes from the ambiguous language of the plaintiff. In the affidavit to her motion (considered, it appears, by the Court in deciding both motions) she said that she "has not received notice required by law." Lack of a sufficient description was not specifically mentioned.

█ A sufficient description is, we have noted, required in the tax claim notice under the statute, supra. Accordingly the plaintiff properly could have believed that the description was in issue before the Court. In this view of the case the defendant was not entitled to a summary judgment. The description was plainly inadequate and no title could be derived by the defendant through a deed based on the invalid tax lien. The appeal from the summary judgment for defendant must be sustained.

Furthermore, justice will be served by setting aside the summary judgment. To hold the plaintiff bound by a narrow construction of the position taken by him, namely that only the method of notice was at stake, would serve to give credit to a title based on a tax lien and a town deed with description insufficient for a conveyance.

In the denial of plaintiff's motion for an interlocutory summary judgment, we find no error. The title of the plaintiff (apart from effectiveness of the tax title acquired by the defendant from the town) was not, in our opinion, adequately set forth in the affidavit. There is no allegation of fact establishing the acquisition of the title by the plaintiff from the grantee Honore Martin in the deed. Material facts in the evidence of the plaintiff's title are missing. The motion for interlocutory summary judgment by the plaintiff was properly denied.

The net result of our opinion is that the case stands with both motions for summary judgments denied.

The entry will be

Appeal from summary judgment for defendant sustained.