Virginia **DAVIS** et al.

v.

**CITY OF ELLSWORTH.**

Supreme Judicial Court of Maine.

Sept. 9, 1971.

Blaisdell & Blaisdell, by Malcolm S. Stevenson, Ellsworth, for plaintiff.

Silsby & Silsby, by Frank B. Walker, Ellsworth, for defendant.

Before DUFRESNE, C. J., and WEBBER, WEATHERBEE, POMEROY, WERNICK and ARCHIBALD, JJ.

WEBBER, Justice.

This case presents but a single issue as to whether or not the title to real estate otherwise admittedly standing in the name of plaintiff Davis has been defeated by the statutory foreclosure of twelve tax lien mortgages or any one of them.[1] More narrowly defined, the issue is whether or not the description of the property taxed identifies that property "with reasonable certainty." Oceanic Hotel Co. v. Angell (1948) 143 Me. 160, 57 A.2d 143; Hunt v. Latham (1922) 121 Me. 303, 117 A. 94.

■ There are slight but insubstantial variations in phraseology among the twelve

1. It is clear from the posture in which this case was presented below and is now presented on appeal that defendant offers no challenge to plaintiff's claim of title apart from the effect of the tax liens.

We suggest, however, that it would have been better practice to eliminate other issues at pretrial or by stipulation at the time of hearing.

tax lien certificates placed in evidence. We have arbitrarily selected the certificate covering the 1967 tax for purposes of analysis and discussion. "If this, or any other of the liens, is valid under the statute, the judgment must be for the (defendant)." Gray v. Hutchins (1954) 150 Me. 96, 101, 104 A.2d 423, 426. The descriptive language of this certificate after identifying the "municipality" as Ellsworth continued:

"real estate in said municipality, * * *, said real estate being bounded and described as follows: Land & Bldgs.

* Assessors' map reference number Map 8, lot 75 Hancock County Registry of Deeds book and page 791–391

* Map reference refers to Tax Maps prepared by James W. Sewall Co., Old Town, Maine, 1964, 1965, 1966 revised 1967 on file at Assessors' Office, Room 8–9, City Hall, Ellsworth, Maine."

The guidelines for determination as to when property covered by tax lien mortgage [2] has been "identified with reasonable certainty" have been laid down in a series of Maine cases. Mere reference to "Lot #1571" without more was held insufficient because there was no reference to the plan by name or place of deposit. Ouellette v. Daigle (1966) (Me.), 219 A.2d 545, 547. The Court said, "There is here a fatal lack of reference * * * 'to something by which it (the description of the land) can be made certain.'" An erroneous reference which in effect leads the examiner into a blind alley will not suffice. Arsenault v. Town of Roxbury (1971) (Me.), 275 A.2d 598. The description need not describe the property by courses and distances or reference to identifiable monuments if it is certain or refers to that by which it can be made certain. Gray v. Hutchins, supra. What is requisite is that there be "identification with reasonable certainty." Town of Warren v. Norwood (1941) 138 Me. 180, 187, 24 A.2d 229.

In *Oceanic* the Court sustained a description which read, "The following described real estate, situated in the City of Portland, to wit: Land hotel 'Oceanic House' $3,225 and garage $100 S side Pleasant Ave. Peaks Island Plan 92 Block G Lot 3 Approx Area 14119 sq ft." Placing the emphasis on "identification with reasonable certainty" the Court noted that the description was in no way strengthened by reference to a plan not identified "by name or place of deposit" but concluded that "the name by which apparently it alone is generally known and indicative of the uses to which it has been appropriated, as also the section of the city where it is situated, are stated and clearly indicate the property taxed."

So also in *Hunt* the property was described only as "Grand View Hotel,— West Auburn" but nevertheless held sufficient on virtually the same basis later relied upon in Oceanic.

In the instant case the title examiner was clearly directed to a particular lot on a particular map on file in the Assessors' Office. The precise location of that office, a depository of public records, was disclosed. There is no claim of error in the reference nor any contention that Lot 75 on Map 8 and the Davis, formerly Garland, property are not one and the same. It is true that the description and the map incorporated by reference did not necessarily provide courses and distances or provide the location of any markers which might exist. Thus a surveyor still had additional work to do before he could go on the land and run the lines—but that is precisely what is contemplated by the phrase "or refer to that by which it can be made certain."

We conclude that the Court below imposed upon the taxing authorities more rigorous requirements than the law intends. Accordingly his judgment for the plaintiffs, here appealed from, must be set aside. The entry will be

Appeal sustained.

2. The applicable statute is 36 M.R.S.A., Secs. 942 and 943.