Salvatore A. AUCELLA

v.

TOWN OF WINSLOW.

Supreme Judicial Court of Maine.

Argued Sept. 5, 1989.
Decided Sept. 26, 1989.

John E. Nale (orally), Nale & Nale, Waterville, for plaintiff.

Peter M. Beckerman (orally), Waterville, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD, HORNBY and COLLINS, JJ.

WATHEN, Justice.

The Town of Winslow appeals from a judgment of the Superior Court (Kennebec County, *Alexander, J.*) declaring that a municipal tax lien ineffectively foreclosed plaintiff Salvatore Aucella's ownership of certain real property. The Town challenges the Superior Court's ruling that the real estate description set forth in the tax lien notice was insufficient. We conclude that the Superior Court erred and we vacate the judgment.

Plaintiff owned real estate in the Town of Winslow and for the tax year July 1, 1984 to June 30, 1985 the Town assessed municipal taxes on his property in the amount of $579.68. Plaintiff did not pay his taxes and the Town mailed him a notice of a tax lien. That notice stated that a tax had been assessed against real estate in "said municipality" and described the real estate as follows:

> FARM ON E/S OF AUGUSTA—MAP 1 LOT 20 OF THE TAX MAPS OF THE TOWN OF WINSLOW, MADE BY RICHARD B. PARTRIDGE, TOWN ASSESSOR, DATED APRIL 1, 1984, CONSISTING OF 38 MAPS, NUMBERED 1 TO 38, INCLUSIVE, ON FILE AT THE ASSESSOR'S OFFICE IN THE TOWN OF WINSLOW, BEING FURTHER DESCRIBED IN BOOK —— PAGE —— AS FOUND IN THE KENNEBEC COUNTY REGISTRY OF DEEDS.

Although the description contained an accurate reference to the tax maps of the municipality, the property was described as being on the east side of Augusta rather than the east side of "Augusta Road." The tax notice also included interest and costs for a total assessment of $613.32.

Plaintiff did not receive the notice that was sent certified mail to his last known address. The Town filed a tax lien certificate in the Registry of Deeds [1] and sent Mr. Aucella a "Notice of Impending Automatic Foreclosure" demanding payment of taxes, costs and interest totalling $613.32. After receipt of a change of address form from the Town, plaintiff sent a check for $600.00 which the Town received and accepted. The balance, however, remained unpaid and the tax lien was foreclosed.

---

1. The tax lien certificate described the property by reference to the tax maps and omitted any reference to a farm on the east side of Augusta.

Thereafter, plaintiff proposed to pay the balance but the Town Council refused to convey title to him.

Plaintiff filed this Declaratory Judgment Action pursuant to 14 M.R.S.A. § 5951 et seq. (1980) in the Kennebec County Superior Court alleging that the tax lien notice did not comply with the statutory requirements and, therefore, the title of the Town is defective. He further alleged that the Town violated his equal protection rights by its policy of selective enforcement of the municipal tax lien law. He requested a declaration of his present ownership of the property and an award of costs and attorney fees under 42 U.S.C. § 1983.

Both parties moved for summary judgment and the Superior Court ruled that the tax lien foreclosure was invalid. The court reasoned that the description suggested that the property was located in Augusta, not Winslow, and therefore was "seriously misleading." From this judgment the Town appeals.

## I.

The statutory lien procedures for real estate taxes require a description of the property subject to the tax. The inventory and valuation upon which a tax assessment is made must contain "a description of the real estate taxed sufficiently accurate to identify it." 36 M.R.S.A. § 552 (1978). In addition, both the notice of tax lien sent to the landowner and the lien certificate filed in the Registry of Deeds must "describ[e] the real estate on which the tax is assessed." 36 M.R.S.A. § 942 (1978 & Supp. 1988). Because a divestiture of land is involved, we have required strict compliance with the statutory requirements. *See e.g., City of Augusta v. Allen*, 438 A.2d 472, 474 (Me.1981).

■ We have adopted a functional test for determining the sufficiency of real estate descriptions set forth in recorded lien certificates.

[W]hile minute descriptions of lands assessed and sold for taxes are not required, the lands must be so described that they can be identified with reasonable certainty and the descriptions must

be certain or refer to something which can be made certain.

*Oceanic Hotel Co. v. Angell*, 143 Me. 160, 162, 57 A.2d 143, 144 (1948). Accordingly, we have approved the practice of describing land by reference to numbered lot on a tax map identified by name or place of deposit. *Davis v. City of Ellsworth*, 281 A.2d 138 (Me.1971); *Ouellette v. Daigle*, 219 A.2d 545, 547 (Me.1966). In the present case, the notice includes an adequate description of the land. The question, however, is whether the reference to "Augusta" renders the identification of the land less than reasonably certain. The notice informs the reader unequivocally that the land is in the municipality of Winslow and discloses the precise identity and location of the tax maps from which the location of the land can be determined with certainty. We conclude as a matter of law that the inclusion of the incomplete reference to "Augusta Road" does not materially affect the capacity of the description to identify plaintiff's land with reasonable certainty.

## II.

■ Plaintiff also contends on appeal that the judgment of the Superior Court can be upheld on the alternate ground that the interest due on delinquent taxes is not lienable. Plaintiff argues that since his tax bill, exclusive of interest, was less than the sum he paid, the lien became merely a lien for interest. Plaintiff ignores the possibility that his payment was first applied to interest and costs, leaving any balance due solely attributable to taxes. We are satisfied, however, that by virtue of 36 M.R.S.A. § 505(4) (1978 & Supp.1988), interest is "added to and become[s] part of the taxes" and is therefore properly included in the tax lien provided for in 36 M.R.S.A. § 942. Such a result is confirmed by the requirement that tax bills state the date on which interest will begin to accrue on delinquent taxes. 36 M.R.S.A. § 507 (Supp.1988). Moreover, 36 M.R.S.A. § 943 (1978) obligates the municipal treasurer to discharge the lien when the "tax, interest and costs shall be paid within the period of redemp-

tion ...." Thus, the alternate ground asserted by plaintiff, provides no basis for upholding the Superior Court.

Plaintiff's complaint alleged a denial of equal protection. It is unclear whether any relief was requested on constitutional grounds other than an award of counsel fees. On remand, the Superior Court should afford an opportunity for plaintiff to amend his complaint before summary judgment is entered in favor of defendant on all counts. *See Baxter v. Camp Runoia, Inc.*, 460 A.2d 1373, 1374 (Me.1983).

The entry is:

Judgment vacated.

Remanded to the Superior Court for further proceedings consistent with the opinion herein and for the entry of a judgment declaring that the Town of Winslow is the present owner of the property.

All concurring.