Vaughn ESTABROOK, et al.

v.

TOWN OF BOWDOIN.

Supreme Judicial Court of Maine.

Argued Jan. 5, 1990.

Decided Jan. 16, 1990.

Richard Trafton, Barbara Raimondi (orally), Trafton & Matzen, Auburn, for plaintiffs.

Stoddard L. Smith (orally), Paul Copeland, Ranger, Fessenden & Copeland, Brunswick, for defendant.

Before McKUSICK, C.J., and WATHEN, GLASSMAN, HORNBY and COLLINS, JJ.

McKUSICK, Chief Justice.

The Town of Bowdoin appeals from the decision of the Superior Court (Sagadahoc County, *Cole, J.*) that awarded title of a disputed parcel of land in Bowdoin to plaintiffs Vaughn Estabrook, Sharon Hunton, and Rebecca Estabrook (hereinafter "the Estabrooks"). They claim title by inheritance from their late father Bion Estabrook, who purchased the disputed parcel in 1946 and died in the 1970's.

For the years through 1960, the Town filed timely notice of ten tax liens against the disputed parcel. Two of those liens were discharged. In 1961 the Town began listing itself as the owner of the disputed parcel. In 1982 the Estabrooks commenced this action to quiet title to the disputed parcel, claiming that the tax liens by which the Town claimed title were invalid because of inadequate descriptions of the parcel. Upon an agreed statement of facts, the court entered judgment in favor of the Estabrooks and declared that title to the parcel is vested in them. On the Town's appeal, we reverse.

I.

"The statutory lien procedures for real estate taxes require a description of the property subject to the tax." *Aucella v. Town of Winslow,* 564 A.2d 68, 69 (Me. 1989). The statute in effect at the time the

contested tax liens were filed required, as the successor statutes do today, that "in the inventory and valuation upon which the assessment is made there shall be a description of the real estate sufficiently accurate to identify it" and that any lien notice "describ[e] the real estate on which the tax is assessed." R.S. ch. 92, § 98 (1954); 36 M.R.S.A. §§ 552, 942 (1978, Supp.1989). "We have adopted a functional test for determining the sufficiency of real estate descriptions set forth in recorded lien certificates." *Aucella v. Town of Winslow,* 564 A.2d at 69. The description must be sufficient to alert the property owner that his or her title to the property is in jeopardy. *See Town of Orient v. Dwyer,* 490 A.2d 660, 662 (Me.1985).

▄ In determining whether the liens filed against the disputed parcel contained "sufficiently accurate" descriptions, the Superior Court focused on all ten lien notices and found that inconsistencies among the various descriptions created confusion when considered collectively. The lack of a uniform description of the parcel, however, does not automatically render all the liens invalid. If any one of the undischarged liens contains a valid description of the parcel, judgment must be for the Town. *See Gray v. Hutchins,* 150 Me. 96, 100, 104 A.2d 423, 426 (1954).

▄ We need examine only the most recent tax lien, that for the year 1960. The 1960 lien notice describes the disputed parcel as being bounded and described as follows:

N—J.O. Brown heirs
E—Albert Burgoin
S—Peter Baker
W—Starbird Corner Litchfield Road

The associated 1960 inventory entry carried the same description except that the westerly bound is described as the "Starbird Corner *to* Litchfield Road.". (Emphasis added) In 1960 the disputed parcel was indeed bounded by land of the heirs of J.O. Brown to the north, land of Albert Burgoin to the

east, and land of Peter Baker to the south, exactly as listed in the lien notice and inventory. Also, the parcel was and is in fact bounded on the west by a road running between Starbird Corner in Bowdoin and the adjoining town of Litchfield. There can be no question that the designation "Starbird Corner Litchfield Road" or "Starbird Corner to Litchfield Road," when taken with the correct designation of the owners on the other three bounds, presented a sufficiently accurate description of the parcel to identify it. The fact that Bion Estabrook owned no other property in Bowdoin in 1960 further supports this conclusion. *See Fickett v. Hohlfeld,* 390 A.2d 469, 472 (Me.1978). The description was fully sufficient to alert Bion Estabrook that his title to the disputed premises was in jeopardy.

Therefore, the 1960 inventory and lien notice describe the parcel in a manner "sufficiently accurate to identify it," which is all the statute requires. The 1960 lien was valid and effective to vest title to the parcel in the Town.

### II.

▄ As an alternative ground for upholding the Superior Court's decision, the Estabrooks contend that the liens are invalid because the Town failed to comply with all statutorily mandated procedures. "At the time of the recording of the [tax lien] certificate in the registry of deeds ... [the town tax collector] shall file with the town treasurer a true copy of said certificate." R.S. ch. 92, § 98 (1954).[1] *See* 36 M.R.S.A. § 942 (Supp.1989). Again, we need focus only on the 1960 lien.

In 1960, as now, the recording of the lien certificate in the registry of deeds creates a mortgage that is "prima facie evidence in all courts in all proceedings by and against the town ... of the truth of the statements therein and, after the period of redemption has expired, of the title of the town to the real estate therein described and of the regularity and validity of all proceedings

---

1. The parties have stipulated that this is the only statutorily mandated tax lien procedure at issue, and it is the only one we address.

with reference to the acquisition of title by such mortgage and the foreclosure thereof." R.S. ch. 92, § 99 (1954). *See* 36 M.R. S.A. § 943 (Supp.1989). The statute creates a mandatory rebuttable presumption in favor of the Town. *See Hann v. Merrill,* 305 A.2d 545 (Me.1973). *See also* M.R. Evid. 301(a).

The court must presume that the town tax collector did file a true copy of the 1960 lien certificate with the town treasurer. The Estabrooks attempt to prove the "nonexistence" of the presumed fact by the Town's answer to interrogatories stating that it now "do[es] not know" whether such a copy was filed and by the Town's current inability to locate old treasurer records. The fact that a small town does not know about or is unable to locate a record that is some 30 years old hardly makes the nonexistence of that record "more probable than its existence." M.R. Evid. 301(a). The Estabrooks have failed to present evidence sufficient to overcome the presumption in favor of the Town.

The entry is:

Judgment vacated; remanded to the Superior Court for entry of judgment in favor of the Town of Bowdoin.

All concurring.