Bernard B. NADEAU

v.

**TOWN OF OAKFIELD.**

Supreme Judicial Court of Maine.

Argued March 22, 1990.

Decided April 4, 1990.

John Rogers, (orally), Houlton, for plaintiff.

William H. Dale, (orally), Gwendolyn H. Lyford, Jensen, Baird, Gardner & Henry, Portland, for defendant.

Before McKUSICK, C.J., and ROBERTS, GLASSMAN, CLIFFORD, HORNBY and COLLINS, JJ.

COLLINS, Justice.

In this appeal we determine that a tax lien certificate's description of encumbered property by lot number only, without reference to a specific map, plan, or survey, is legally insufficient despite the existence of a local tradition of describing property in deeds and tax lien certificates by lot number only. Accordingly, we affirm the judgment of the Superior Court (Aroostook County, *Pierson, J.*).

In July, 1952, and July, 1954, the Town of Oakfield assessed taxes on two lots of land owned by Bernard Nadeau and previously by his wife. When these taxes were not paid, the Town imposed two tax liens on the properties and recorded two tax lien certificates, the first in July, 1953, and the second in June 1955. These certificates described the properties to which they applied as "Lot 93 & 95" without reference to a map, plan, or survey. Nevertheless, both the Town and Nadeau agree that the lot numbers in the certificates are those assigned to the properties in dispute by the Burleigh and Coney Survey of 1858, which is included in the Roe and Colby Atlas, and which is recorded in the Southern Aroostook Registry of Deeds.

In 1982, Nadeau brought the present action against the Town of Oakfield seeking a declaration that Nadeau possesses clear title to the two disputed plots. The Town counterclaimed, arguing that the two tax liens on the properties give title to both lots to the Town. The Superior Court declared that the tax liens on the properties are invalid as a matter of law because the descriptions of the properties in the tax lien certificates failed to comply with statutory requirements. The Town brings this appeal to challenge the Superior Court's ruling.

The only question before us is whether the Superior Court erred by deciding that the descriptions of the disputed properties in the tax lien certificates were insufficient as a matter of law. The statutes in effect in 1952 and in 1954 each required that there be "a description of the real estate sufficiently accurate to identify it" contained in "the inventory and valua-

tion upon which the assessment is made." R.S. ch. 81, § 97 (1944); R.S. ch. 92, § 98 (1954). Further, under each statute, any lien notice delivered to the person against whom the tax had been assessed was required to "describ[e] the real estate on which the tax is assessed." R.S. ch. 81, § 97 (1944); R.S. ch. 92, § 98 (1954).[1] Because these statutes authorized a divestiture of land, it was necessary for the Town to comply strictly with the statutes' requirements. *See, e.g., Cary v. Town of Harrington,* 534 A.2d 355, 356 (Me.1987).

We have adopted a "functional test" for determining the sufficiency of real estate descriptions set forth in recorded lien certificates. *Estabrook v. Town of Bowdoin,* 568 A.2d 1098, 1099 (Me.1990); *Aucella v. Town of Winslow,* 564 A.2d 68, 69 (Me. 1989).

> [W]hile minute descriptions of lands assessed . . . for taxes are not required, the lands must be so described that they can be identified with reasonable certainty and the descriptions must be certain or refer to something which can be made certain.

*Oceanic Hotel Co. v. Angell,* 143 Me. 160, 162, 57 A.2d 143, 144 (1948) (cited by *Aucella,* 564 A.2d at 69). Additionally, "[t]he description must be sufficient to alert the property owner that his or her title to the property is in jeopardy." *Estabrook,* 568 A.2d at 1099 (citing *Town of Orient v. Dwyer,* 490 A.2d 660, 662 (Me.1985)).

In *Davis v. City of Ellsworth,* 281 A.2d 138, 139 (Me.1971), we determined that a tax lien certificate identifying the property taxed by lot number, and also referring to an *identified* map on file in a specifically disclosed location, sufficiently describes the property encumbered by the lien with the requisite "reasonable certainty." By contrast, in *Ouellette v. Daigle,* 219 A.2d 545, 547 (1966), we concluded that an identification by lot number only, without reference

to the plan assigning that number either by name or place of deposit, is fatally uncertain and legally insufficient. Reaching a similar conclusion in *Oceanic Hotel,* we held that "parol evidence to show that an existing [p]lan was the one intended cannot be received," and that "reference to an unidentified plan [does not] make any plan a part of the tax assessment." *Oceanic Hotel,* 143 Me. at 162, 57 A.2d at 144 (cited by *Ouellette,* 219 A.2d at 547).

In the case at hand, the Town argues that the descriptions in the disputed certificates are "sufficiently accurate" to meet our functional test, despite their lack of reference to a map, plan, or survey, because there exists a custom in southern Aroostook County of describing solely by lot number real property that could be located by reference to plans or surveys in the Roe and Colby Atlas.[2] In the interest of protecting property owners who are unaware of local customs against seizure of their property without sufficient notice, we decline to carve out a regional exception to the existing rules of description. Therefore we conclude that this case falls within the scope of our earlier decisions in *Ouellette* and *Oceanic Hotel,* and we find no error in the Superior Court's decision.

The entry is:

Judgment affirmed.

All concurring.

---

**1.** The contemporary successors to the 1944 and 1954 Revised Statutes contain similar identification requirements. *See* 36 M.R.S.A. §§ 552 (1978) and 942 (1978 & Supp.1989).

**2.** The Town also alleges that Nadeau received actual notice of the liens in question. Even if this were to be proven, however, Nadeau's knowledge alone would not be sufficient to demonstrate the Town's compliance with the recording requirements. *See Cary,* 534 A.2d at 358.