**Roger HAMM**

v.

**TOWN OF MEDWAY.**

Supreme Judicial Court of Maine.

Argued April 27, 1994.

Decided Aug. 5, 1994.

Robert E. Miller (orally), Spencer, Zmistowski & Miller, Old Town, for plaintiff.

Richard D. Violette, Jr. (orally), Brewer, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN and DANA, JJ.

CLIFFORD, Justice.

The issue presented in this appeal is the sufficiency of the property description in the defendant Town of Medway's assessments, notices, and tax lien certificates against the property of Roger Hamm. We agree with the Town's argument on appeal that its property description was sufficient on its face, and we vacate the summary judgment by the Superior Court (Penobscot County, *Marsano, J.*)[1]

In August 1988, the Town recorded a tax collector's lien certificate against Hamm's property because the 1987 and 1988 property taxes had not been paid. In March 1990, the Town informed Hamm by mail that the tax lien had matured and that the Town had foreclosed on the property.

The description of the real estate affected by the liens was as follows:

> MAP 16 LOT 34 OF THE ASSESSOR'S TAX MAPS OF THE TOWN OF MEDWAY, MAINE. MADE BY JAMES W. SEWALL OF OLD TOWN, MAINE DATED 1979, CONSISTING OF 19 MAPS NUMBERED 1 TO 19.

---

1. Although the Superior Court relied on other grounds in granting the summary judgment, the parties agreed at oral argument before this court that the issue decisive to the outcome of this case is the legal sufficiency of the description of the property and not the existence of a map corresponding to the description.

## LAND & BUILDINGS

This description appeared in the lien certificate and the thirty-day notice to Hamm, which informed him that his taxes and interest from 1987 remained unpaid and that failure to pay the delinquent amounts plus additional costs would result in the loss of his property. The lien certificate and thirty-day notice for the 1988 property taxes contained identical descriptions except that it said "James E. Sewall" instead of "James W. Sewall."

In this appeal from a summary judgment in favor of Hamm, we view the evidence in the light most favorable to the Town to determine if the trial court committed an error of law. *Estate of Althenn v. Althenn,* 609 A.2d 711, 714 (Me.1992).

36 M.R.S.A. §§ 552, 942, and 943 (1990 & Supp.1993) set forth the requirements for tax lien foreclosures. Section 552 states in pertinent part:

> There shall be a lien to secure the payment of all taxes legally assessed on real estate.... [P]rovided in the inventory and valuation upon which the assessment is made there shall be a description of the real estate taxed *sufficiently accurate to identify it.*

(Emphasis added.)

Section 942 requires the tax collector to send to the person against whom the tax is assessed a notice "describing the real estate on which the tax is assessed" and demanding payment of the tax within thirty days. Section 942 also provides that after thirty days, the tax collector shall record in the registry of deeds of the county where the real estate is located a tax lien certificate "setting forth ... a description of the real estate on which the tax is assessed[.]" Section 943 governs the procedures for effecting automatic fore-

closure and requires that the notice specify where the tax lien certificate was recorded.

■ Thus a tax lien certificate must contain a description of the real estate "sufficiently accurate to identify it." 36 M.R.S.A. § 552. Although strict compliance with the statute is required before a town may divest an owner of title for nonpayment of taxes,[2] *Arsenault v. Inhabitants of the Town of Roxbury,* 275 A.2d 598, 599 (Me.1971), the description of the land need not be one of minute detail; it must meet a "functional test" to be determined sufficient. *Nadeau v. Town of Oakfield,* 572 A.2d 491, 492 (Me. 1990). The land must be described in the document so that it can be identified with reasonable certainty; the description "must be certain or refer to something which can be made certain." *Id.* (quoting *Oceanic Hotel Co. v. Angell,* 143 Me. 160, 57 A.2d 143, 144 (1948)). No parol evidence may be admitted to show what plan was intended by the reference. *Id.; Oceanic Hotel Co.,* 57 A.2d at 144 (uncertain references to plans do not make them or their details of description part of tax deed). Under the functional test, a description that (1) describes the property subject to the lien by metes and bounds or landmarks, *see Oceanic Hotel Co.,* 57 A.2d at 144, or (2) refers to a plan or map by name, or (3) tells the location of the particular plan or map is legally sufficient. *See Nadeau,* 572 A.2d at 491.

■ In this case, the certificate does not specifically describe the property by metes and bounds or landmarks. It does, however, refer to the map by name, a fact that Hamm does not dispute. Hamm contends, however, that the map's location must be disclosed as well.[3] We disagree. We have never established a requirement that a certificate must describe a property both by name *and* by

---

2. The property owner's actual notice is not relevant to the determination of whether the Town complied with the statutory requirements. *Nadeau v. Town of Oakfield,* 572 A.2d 491, 492 n. 2 (Me.1990).

3. Although the Town asserts that it disclosed the location of the map by referring to preparer James Sewall in Old Town and to the Town

Assessor, the certificate fails to disclose a specific location where the map is on file and, thus, does not identify the map by location. *Cf. Davis v. City of Ellsworth,* 281 A.2d 138, 139 (Me.1971) (holding sufficient description "on file at Assessor's Office, Room 8–9, City Hall, Ellsworth, Maine").

location, and we decline to do so in this instance. The Town's reference to the assessor's tax maps by name was a legally sufficient description to withstand a facial attack. Viewing the evidence in a light most favorable to the Town, the Town complied with statutory requirements in its description of Hamm's property.

The entry is:

Judgment vacated. Remanded to the Superior Court for further proceedings consistent with the opinion herein.

All concurring.