STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-04-033

~~~YOR~~~ '05

CHARLES ROUNDY,

Plaintiff

v.

TOWN OF YORK,

Defendant

**DECISION AND JUDGMENT**
(TITLE TO REAL ESTATE AFFECTED)

1.    PARTIES — The plaintiff is Charles Roundy of Montclair, California, who was represented by attorneys John C. Bannon and John B. Shumadine of the firm of Murray, Plumb & Murray of Portland, Maine.

The defendant is the Town of York, which was represented by attorneys Susan B. Driscoll and Danielle P. West-Chuhta of the firm of Bergen & Parkinson, LLC of Kennebunk, Maine.

2.    DOCKET NUMBER — The docket number is AP-04-033.

3.    NOTICE — All parties have received notice of these proceedings in accordance with the applicable provisions of the Maine Rules of Civil Procedure.

4.    THE PROPERTY — The real estate involved in this dispute is Lot 231 of Tax Map 11 of the Town of York, and is the property described in a deed from Charles Howe to Jessie M. Roundy dated January 23, 1929 and recorded in the York County Registry of Deeds at Book 808, Page 367 on July 23, 1929.

On January 23, 1929, when Calvin Coolidge was still President, a Charles Howe conveyed property in York to Jessie M. Roundy. The deed described the land as "A certain parcel of land situated in York, County of York and State of Maine, being Lot

231 on a plan entitled Map of Land of the York Cliffs Improvement Co., Town of York, Maine, dated January 1, 1893 and recorded with York County Deeds, Plan Book 4, Plan 30, and being more particularly bounded and described as follows: Southerly by an unnamed road, easterly by Lot 236 on said plan; Northerly by Lot 232 on said plan; and Westerly by Forester's Circuit. Containing 46/100 of an acre more or less."

In 1937 the Town recorded a 1934 deed at Book 855, Page 488 where the Town's Tax Collector transferred the parcel to the town as high bidder at an auction of the land for back property taxes. The Tax Deed described the parcel in a more abbreviated fashion than the 1929 deed as "All Lot #231 on Plan of York Development Co."

In 2003 Charles Roundy, an heir of Jessie Roundy, requested that the Town reconvey the land to him. After the Town declined to do so this suit followed.

This suit contains three counts. The first is based on Rule 80B, M.R.Civ.P. and asks this Court to find that the decision of the Selectman to not reconvey was arbitrary, capricious or otherwise unlawful. Count II is a complaint for declaratory judgment seeking a determination that the description of the land contained in the notice from the tax collector was defective such that title did not pass to the Town. Count III is a request for monetary damages which was brought "to avoid waiving any remedies to which he (the plaintiff) may (be) entitled ..." By procedural order all counts were combined and treated as an ordinary civil action. The plaintiff has filed a motion for summary judgment and the defendant has filed a cross-motion for summary judgment. The motions have been briefed and argued. The issue is whether the property was properly described such that the Town acquired title. I am not called upon to determine who owns the property, if the Town does not. The sole question is whether the legislative requirements were followed with enough precision for the Town to obtain title.

2

Under the law that was then in effect, R.S. 1930, Ch. 14, §72 the Tax Collector was required to publish a notice listing "the name of the owner, if known, the right, lot and range, the numbers of acres as nearly as may be, the amount of the tax due, and such other short description as is necessary to render its identification certain and plain." Did the abbreviated and Coolidge like description of the property of "All Lot #231 on Plan of York Development Co." meet the statutory requirement that the notice's description of the property "... render its identification certain and plain."?

In 1971 the Maine Supreme Judicial Court decided *Arsenault v. Inhabitants of the Town of Roxbury*, 275 A.2d 598, 600 (Me. 1971) which involved an erroneously described parcel and determined that when the description of the property refers to a recorded document the document must "supply a description of the real estate taxed sufficiently accurate to identify it without going further, and without the aid of parol evidence." The tax taking failed as the erroneously referred to Volume D, page 49, rather than the correctly described Volume E, page 58, "neither describes the Plaintiff's taxable real estate, nor does it refer to anything from which such description can be obtained."

In *Nadeau v. Town of Oakfield*, 572 A.2d 491 (Me. 1990) the Law Court determined that tax lien certificates which described the properties as "Lot 93 & 95" without reference "to a map, plan, or survey" were defective. At page 492 the Law Court referred to its functional test as "the lands must be so described that they can be identified with reasonable certainty and the descriptions must be certain or refer to something which can be made certain." *Nadeau* cited *Davis v. City of Ellsworth*, 281 A.2d 138, 139 (Me. 1971) which states that a lot number and a reference to an identified map on file in a specifically disclosed location was sufficient. A reference to an unidentified plan was however deficient. See *Oceanic Hotel Co. v. Angell*, 143 Me. 160, 162 (1948)

3

where the description referred to Plan 92, Block G, Lots 2 and 4 of an unnamed but ascertainable plan.

A more recent case is *Hamm v. Town of Medway*, 644 A.2d 1388 (Me. 1994) where the real estate was described by reference to a map and lot of the assessor's tax maps. That description was found to "be sufficiently accurate to identify it.", page 1389 and 36 M.R.S.A. §552. The use of the "functional test" was reaffirmed and the Law Court held that a description that "refers to a plan or map by name" is, "legally sufficient". See 1389. In the *Hamm* case a metes and bounds description was not provided and the location of the map was not specified. Those requirements were not mandated.

In this case we have a reference to a lot number and a plan. While a more precise description would have been beneficial, greater detail was not required. The "functional test" was met. In the language of 1930 the description of the property was sufficient "to render its identification certain and plain."

The defendant is responsible for recording an attested copy of the judgment and for paying the appropriate recording fees.

The entry is:

Judgment for the defendant on the complaint. The Town of York holds title to the property described at Book 808, Page 367 of the York County Registry of Deeds.

Dated:     November 23, 2005

Paul A. Fritzsche
Justice, Superior Court

The applicable period has expired without action or the final judgment has been entered after remand following appeal.

Dated: _____          _____

John C. Bannon, Esq. - PL
Susan B. Driscoll, Esq. - DEF          4