Nason *v.* Ricker.

--------◄••►--------

WILLIAM B. NASON *vs.* EBENEZER RICKER.

*Tax title—for certain errors void.*

Each lot of land is a distinct subject of taxation, and liable to a lien upon it for payment of the tax upon it; hence, a valuation and assessment in gross upon two distinct parcels is void, because it deprives the owner of the privilege of redeeming either separately.

The treasurer's notice of the sale of a non-resident's real estate to pay a tax must contain such a description as will identify the premises.

The record must show a sale at auction. A recital of that fact in the treasurer's deed is no evidence of it.

ON REPORT.

WRIT OF ENTRY to recover possession of land in Lyman, conveyed to the demandant by Cyrus K. Conant, and which the tenant claimed under a tax deed from the treasurer of that town, who sold it for non-payment of a tax there assessed against said Conant, as a non-resident, in 1862. The taxes for subsequent years were paid by the demandant, who tendered ten dollars in full for the tax, expenses and charges of 1862.

The assessment roll of 1862 simply mentioned the property as

forty acres belonging to Doctor Cyrus Conant, valued at $275, and taxed $1.68. The inventory contained the same statement of quantity and value with this description added : "two lots; one joins land of Ebenezer Ricker and the highway ; the other N. Low, Charles Emmons and the road."

The tax was returned by the collector to the treasurer as un-paid. In his notice of a sale of the land the latter only gave the number of acres (40) and the value, and the name of the owner.

It was advertised to be sold at auction, but there was no evi-dence that it was so sold, unless the recitals of the treasurer's deed be proof of that fact.

*Dane & Bourne*, for the demandant.

*Ira T. Drew*, for the tenant.

DICKERSON, J. Both parties claim title to the demanded prem-ises through Cyrus K. Conant, the former owner, the plaintiff by deed of said Conant to him, and the defendant through a deed from Benjamin Lord, Jr., treasurer of the town of Lyman for non-payment of taxes assessed against said Conant as a non-resi-dent. The rights of the parties turn upon the validity of said tax deed.

We are satisfied that the tax deed cannot be upheld for the following reasons :

I. The valuation and assessment were made upon two separate lots in gross. Each of those lots was a distinct subject of taxation, and liable to a lien for the payment of that portion of the owner's tax only which should be assessed upon that particular estate. The owner had a right to redeem each of those lots by paying the taxes specifically assessed thereon, without being obliged to pay the tax assessed upon the other lot also, which constituted no lien upon the lot he might wish to redeem. The assessment and valuation of both lots in gross, if upheld, would deprive the owner of this right by compelling him to pay the taxes assessed upon both lots, or forfeit his right to relieve either from the lien

Nason *v.* Ricker.

imposed by the tax upon it. The law does not contemplate nor will it sanction the aggregation of the several separate and distinct estates owned by a non-resident proprietor, into one valuation and assessment. *Greene* v. *Lunt*, 58 Maine, 533 ; *Wallingford* v. *Fiske*, 24 Maine, 386 ; *Hayden* v. *Foster*, 13 Pick., 492.

II. The notice of the treasurer's sale contains no sufficient description of the estate to be sold. It contains the name of the owner, the number of acres, valuation and amount of the tax, but does not give the number of the lot, or the range, or any boundary or other facts by which a purchaser could obtain sufficient knowledge of the identity of the land to form an intelligent judgment of the value. Even "the short description taken from the inventory," as required by statute, is not inserted in the notice. This being a proceeding *in invitum* the rule of law is that the notice should contain such a description of the land as will enable the owner and purchaser to identify it with reasonable certainty. The cases are numerous where even greater particularity in the description of the land advertised to be sold for non-payment of taxes has been held insufficient. *Greene* v. *Lunt*, cited sup.; *Griffin* v. *Crippin*, 60 Maine, 270 ; *Larrabee* v. *Hodgkins*, 58 Maine, 412.

III. The case does not show that the sale was by public auction. The only evidence upon this point is contained in the recitals in the deed, and these may be true and the sale have been private. But it has been repeatedly held that the recitals in a tax deed, unless made so by statute, are not in themselves evidence of a compliance with the statute in making the sale, but the burden is on the party claiming title under such deed to prove such compliance by other evidence. *Worthing* v. *Webster*, 45 Maine, 270 ; *Phillips* v. *Sherman*, 61 Maine, 548.

These objections to the validity of the tax deed being decisive of the case, it is unnecessary to pass upon the remaining objection raised by the learned counsel for the plaintiff, that the deed itself is void for uncertainty in the description of the land conveyed.

The plaintiff having seasonably made the tender provided by

the statute in order to authorize him to contest the validity of the tax sale is entitled to judgment.

*Judgment for the demandant.*

APPLETON, C. J., WALTON, BARROWS, DANFORTH and VIRGIN, JJ., concurred.