CHARLES M. MCCARTY
*vs.*
GREENLAWN CEMETERY ASSN.

MAYNARD A. ELLIS AND GLADYS E. ELLIS

Waldo.    Opinion, October 29, 1962.

*David A. Nichols,* for the Plaintiff.

*Niehoff & Niehoff,* for the Defendant.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN, DUBORD, SIDDALL, JJ.

SULLIVAN, J. Plaintiff filed his complaint [to remove a cloud upon title to real estate] in Swanville, Maine. R. S., c. 172, §§ 52, 54, as amended. Defendants have answered and the case is before this court upon report.

Plaintiff on June 21, 1955 had been granted a mortgage upon the premises in controversy by the record owner, Maple Terrace Farms, Inc. Waldo County Registry of Deeds, Book 527, Page 486. Plaintiff foreclosed that mortgage by a publication process devised to acquire title for him in default of a redemption upon the expiration date, May 7, 1959. Waldo Registry, Book 565, Page 171; R. S., c. 177, §§ 5, 7.

On July 3, 1956 Maple Terrace Farms, Inc. purported to convey a 5 acre parcel of the mortgaged real estate to Maine School Building Authority but the record in this case yields no evidence of any release by the plaintiff - mortgagee. Waldo Registry, Book 535, Page 246. The report of the pretrial conference and order, however, informs us that the 5 acre lot has been eliminated by the parties from the issues here.

Real estate taxes assessed against the property in litigation for the tax year 1957 were committed for collection on April 22, 1957 and have never been paid. Seasonably the Tax Collector on May 9, 1958 commenced forfeiture process by tax mortgage liens. R. S., c. 91-A, § 88 ff. The statutory period for redemption of such self foreclosing, priority mortgage terminated on November 9, 1959. The municipality of Swanville thereafter, on February 10, 1960 conveyed all its title to a portion of the controverted real estate to Green Lawn Cemetery Association and on March 4, 1960 quitclaimed the rest of that property to Maynard A. and

Gladys E. Ellis. Waldo Registry, Book 575, Page 329; Book 576, Pages 1, 8.

The issue formulated by consensus of these litigants is as follows:

"If the tax liens (for 1957 taxes) are valid, judgment is to be entered for the defendants; if invalid, and subject to amendment, the defendants reserve the right to amend in accordance with the law and facts. If the tax liens (for 1957 taxes) are invalid and their invalidity cannot be corrected by amendment, then judgment is to be entered for the plaintiff."

The Valuation Book of the Swanville assessors for the tax year 1957 contains this entry:

"Description - - - - As recorded at this (Waldo) County Registry of Deeds — Land bounded (Book) 469/ (Page) 205.

| No. of Lot | No. of Acres | Value of Land | Value of Bldgs. |
|---|---|---|---|
| H | | | $600 |
| B | | | 500 |
| B | | | 300 |
| Sh | 94 | 700 | 100 |
| | 100 | 400 | |

Total Value of real estate — $2,600

Robinson, Doris J. and/or Maple Terrace Farms, Inc."

It is to be noted that 2 distinct units of real estate had been thus assessed — one composed of 94 acres of land valued at $700 with buildings thereon individually appraised to an aggregate amount of $1,500 — the other consisting of 100 acres of land valued at $400. The assessors had obviously estimated and recorded

" - - - separately the land value, exclusive of buildings, of each parcel of real estate." R. S., c. 91-A, § 36; P. L., 1955, c. 399, § 1.

The testimony in this case verifies the existence of 2 par-

cels of real estate. Witnesses stated that there were 2 divisions of the property set apart from each other by a county road known as Route 141 and that all of the buildings were located upon but one of those property divisions.

For a description of the real estate assessed the foregoing assessment record makes reference to the deed from Archie Philo to Doris Joan Robinson, dated October 15, 1948 and recorded in Waldo Registry in Book 469 at Page 205. The Philo deed is in the chain of title prior in time to the deed from Doris Joan Robinson to Maple Terrace Farms, Inc. Waldo Registry, Book 497, Page 142, *supra*. The Philo grant conveyed 4 parcels of property and included in its disposition more real estate than is described in the Robinson-Maple Terrace Farms, Inc. instrument. The assessors made no effort to allocate any of the 4 parcels of the Philo deed to either of the separately estimated land items and values of the assessment record.

On May 9, 1958 the Tax Collector filed in the Registry of Deeds 2 lien certificates against:

"Maple Terrace Farm, Inc. Doris Robinson
- - - - as owner"

One lien certificate was for an unpaid tax of $32.80 and claimed a lien upon the real estate described as:

"Land
Book 469 page 205 Waldo County
Registry of Deeds"

The other lien certificate was for an unpaid tax of $181.40 and claimed a lien upon the real estate described as:

"Land and Buildings
Book 469 page 205 Waldo County
Registry of Deeds"

Manifestly the Tax Collector filed a lien against each of the 2 units of real estate which the assessors had separately

valued in their Valuation Book and through each lien attempted to effect forfeiture of all of the land described in the Philo to Robinson deed recorded in Waldo Registry in Book 469, Page 205. The second lien in addition sought to acquire title to the buildings on such land. In fine each lien certificate for the unpaid tax upon one of 2 physically detached and separately taxed portions of a gross property aspired and presumed to expropriate the gross property in its entirety. Were such technique of the Tax Collector permissive the taxpayer would be obligated to pay all taxes upon the gross property in order to redeem from forfeiture either one of the individually taxed units.

In derogation of the mandate in R. S., c. 91-A, § 88 neither lien certificate contained a description of the real estate on which the respective tax had been assessed.

Notwithstanding the presumption of validity conferred upon tax mortgage liens by R. S., c. 91-A, § 93, in assaying established defenses to such liens the court must apply to such forfeiture process:

> " - - - - that strict construction which well established rules of law require to be put upon statutes affecting the property of the citizen, and by which it may be taken from him, as by taxation - - - - "
> *Carlton* v. *Newman*, 77 Me. 408, 417.

> "The principle that strict compliance with statutory requirements is necessary to divest property owners of their titles for non-payment of taxes has become firmly established by a long line of decisions running back to one rendered by our first Chief Justice at the beginning of our statehood, Porter v. Whitney, 1 Me., 306. - - - - "
> *Warren* v. *Norwood*, 138 Me. 180, 183.

> "It is a familiar principle that when a Statute imposing or enforcing a tax or other burden on the citizen even in behalf of the State is fairly susceptible of more than one interpretation, the court

will incline to the interpretation most favorable to the citizen - - - - If the statute imposes a penalty it is, to that extent, a penal statute to be construed strictly against the party claiming the penalty - - - If a statute is penal even though it is also remedial it must be strictly construed - - - -; and a statute providing for the total forfeiture of property for the non-payment of one tax is certainly highly penal. On the other hand, statutes enacted to relieve the citizen from a forfeiture incurred should be construed liberally - - - - "
*Millett* v. *Mullen,* 95 Me. 400, 415.

The Legislature of Maine is vested with the full power of taxation and that power is measured:

" - - - - not by grant but by limitation."

Opinion of Justices, 123 Me. 573. *Portland Terminal Co.* v. *Hinds,* 141 Me. 68, 72.

R. S., c. 91-A, § 36 commands assessors to estimate and record separately the land value, exclusive of buildings, of each parcel of real estate.

In *Wallingford* v. *Fiske,* 24 Me. 386, 390 this court said:

" - - - - The legislature were careful, that, so far as it could be done, each parcel of land should be exclusively holden for the tax with which it was charged; that no unnecessary inconvenience should arise from advertising and selling in gross different parcels of estate in which different interests might exist; that on a redemption of the title conveyed upon such a sale, each individual might obtain his own land by the payment of the tax thereon, and the expense arising from the sale, thereby avoiding the disputes which would grow out of claims for contribution, where one tract was burdened with the taxes upon itself and others also. In *Hayden* v. *Foster,* 13 Pick. 492, it was decided that where separate and distinct real estates belong to the same owner, they are to be considered as distinct subjects of taxation, and must be sep-

arately valued and assessed, and each estate is subject to a lien for the payment of that portion only of the owner's tax which shall be assessed upon such particular estate."

This court in *Nason* v. *Ricker,* 63 Me. 381, 382 in adjudging a tax sale deed to be invalid used language quite applicable here:

"The valuation and assessment were made upon two separate lots in gross. Each of those lots was a distinct subject of taxation, and liable to a lien for the payment of that portion of the owner's tax only which should be assessed upon that particular estate. The owner had a right to redeem each of those lots by paying the taxes specifically assessed thereon, without being obliged to pay the tax assessed upon the other lot also, which constituted no lien upon the lot he might wish to redeem. The assessment and valuation of both lots in gross, if upheld, would deprive the owner of this right by compelling him to pay the taxes assessed upon both lots, or forfeit his right to relieve either from the lien imposed by the tax upon it. - - - - "

The use by the assessors of the gross description contained in the Philo-Robinson deed, *supra,* in conjunction with both of the separate valuations of the 2 parcels of real estate made valid tax liens impossible of attainment in the present case. Nor is an amendment possible under the provisions of R. S., c. 91-A, § 95 for the errors and defects in the liens here are not circumstantial but essential.

" - - - - The collector must obtain his information from the assessment. He has no authority to add to or take from it; nor can the assessors, after the completion of the tax, add to the description so as to make that certain which was before uncertain. The assessment must be complete in and of itself as much as a deed or contract. Parol proof may be resorted to for the purpose of applying the terms of the description to the face of the earth, but no further. It cannot supply any deficiency in

the buts or bounds. These must be ascertained from what is written and from that alone. - - - - " *Greene* v. *Lunt,* 58 Me. 518, 533.

Both attempted tax mortgage liens for the tax year 1957 are invalid. Because of that conclusion there remains no necessity for our considering the other objections by the plaintiff to the tax forfeiture process as it was exercised in this case.

In conformity with the stipulation of the parties litigant and in accordance with the provisions of R. S., c. 172, § 54, as amended, a decree shall be entered declaring, in so far as the parties of record in this case are concerned, the validity, as of the date of the institution of this cause, of the title in fee simple of this plaintiff, Charles M. McCarty, in and to the real estate as it was described in the mortgage, since foreclosed, of Maple Terrace Farms, Inc., to the same Charles M. McCarty, dated June 21, A. D. 1955 and recorded in Waldo County Registry of Deeds in Book 527 at Page 486, with the exception of the real estate described in the deed of Maple Terrace Farms, Inc., to Maine School Building Authority, dated July 3, A. D. 1956 and recorded in the same Registry of Deeds in Book 535 at Page 246.

The mandate shall be:

> *Judgment for the Plaintiff in accordance with this opinion.*