Nathaniel C. FICKETT

v.

Siegrun E. HOHLFELD.

Supreme Judicial Court of Maine.

Aug. 7, 1978.

Earle S. Tyler, Jr. (orally), Milbridge, for plaintiff.

Silsby, Silsby & Walker by James A. Silsby (orally), Ellsworth, for defendant.

Before DUFRESNE, C. J., and WERNICK, ARCHIBALD, DELAHANTY and GODFREY, JJ.

GODFREY, Justice.

Appellant Fickett, asserting his right to a fee simple interest in seventy to eighty acres of unimproved land in the town of Harrington, brought an action to quiet title against appellee Hohlfeld. The Superior Court found that appellant had lost his title to the land by failure to pay taxes on it and that appellee had acquired title through mesne conveyances under a valid tax deed from the town.

The record shows that appellant acquired title in 1951 by a warranty deed conveying to him land described by metes and bounds. Appellant's deed describes one lot containing forty acres, more or less, and a second lot containing thirty-three acres, more or less. The land is covered with woods and scrub growth, and the two lots described in the deed form a solid tract with no marked line of division. The assessors' records for the town of Harrington show that the land was assessed to appellant Fickett for the years 1953 through 1957 as one parcel.

Each year, from 1952 to 1958, the tax collector for the town of Harrington recorded in the registry of deeds a tax lien certificate for nonpayment of taxes on land assessed to appellant for the preceding year. Each certificate describes the land as one parcel of land and states a description by metes and bounds different from the description of the two lots in appellant's deed. No amounts having been paid on the delinquent taxes, on January 8, 1959, the town of Harrington transferred title by tax deed to the predecessor of Hohlfeld. Through mesne conveyances made during the years thereafter, appellee obtained his title in 1967. The tax collector of Harrington testified that he had no records for the years 1950 through 1960 concerning the filing of tax lien certificates on the property in question and that he had no specific memory of his action with respect to the tax liens involved in this case. Appellant never paid any taxes on the land in question.

Mr. Fickett brings this appeal, asserting that the trial court erred in granting judgment for appellee. He contends that the tax liens which formed the basis for appellee's title were invalid and that title did not pass to appellee because the town failed to follow the requirements of the tax statutes.

■ First, appellant contends that the tax liens were based on improper assessments. From 1952 through 1957, the assessors assessed appellant's land as one parcel

although his deed described the land by setting forth the metes and bounds of two lots. Section 708 of the tax law requires the assessors to "estimate and record separately the land value, exclusive of buildings, of each parcel of real estate."[1] The statute provides that "each parcel" of a taxpayer's land be assessed separately. In two cases we have treated this provision as mandatory on the assessors where the description in their valuation list shows the owner's land as consisting of more than one lot or parcel. *McCarty v. Greenlawn Cemetery Ass'n,* 158 Me. 388, 185 A.2d 127 (1962); *Nason v. Ricker,* 63 Me. 381 (1873). However, those cases do not stand for the broad rule appellant now advances: that where a single tract of land is composed of separately described pieces the assessors must show each piece as a separate parcel in the assessment list. We decline to adopt such a rule, which in some applications could conflict with the assessors' constitutional duty to assess property equally, according to its just value.[2]

It is clear from the record that appellant's lots formed a solid tract with no apparent division between the two areas acquired by appellant under the provisions of his 1951 deed. Appellant used the entire tract for hunting, cutting wood, and recreation, making no distinction in use between the two contiguous pieces from which the tract had been formed. In the circumstances, considering the contiguity of the two parts of the tract and the fact that both parts were used indiscriminately for the same purposes, we think the trial justice did not err in deciding that the assessors had not acted contrary to law in treating appellant's unimproved woodland tract as one "parcel" and assessing it as such. Such a result is in accord with the better-reasoned cases that have dealt with the problem of assessing parcels assembled from contiguous pieces of land. *See City of Boston v. Boston Port Development Co.,* 308 Mass. 72, 30 N.E.2d 896 (1941); *Guthrie v. Haun,* 159 Or. 50, 76 P.2d 292 (1938); Annot., 133 A.L.R. 524, 538–46 (1941).[3]

Second, appellant attacks the validity of the tax liens on the ground that the description in the inventory and valuation list and in the lien certificates was insufficient to identify the property. Section 552 of title 36 of the Revised Statutes provides

"There shall be a lien to secure the payment of all taxes legally assessed on real estate as defined in section 551, provided in the inventory and valuation upon which the assessment is made there shall be a description of the real estate taxed sufficiently accurate to identify it. Such lien shall take precedence over all other claims on said real estate and shall continue in force until the taxes are paid or until said lien is otherwise terminated by law."

Provisions of 36 M.R.S.A. § 942 governing enforcement of a tax lien on any parcel require that the municipality's notice of a claim of lien and the tax lien certificate itself contain "a description of the real estate." The description in the assessment, notice of claim, and certificate must be sufficiently accurate to identify the property assessed with reasonable certainty. *Davis v. City of Ellsworth,* Me., 281 A.2d 138 (1971); *Oceanic Hotel Co. v. Angell,* 143 Me. 160, 57 A.2d 143 (1948).

The assessment records in the present case stated that the property assessed was bounded and described as follows:

"North by land of Oliver Wass; East by land of John Fickett; South by Town Road; West by land of Harry E. Stevens, Jr., and E. A. Mitchell."

1. There has been no change in the quoted portion of 36 M.R.S.A. § 708 since 1911. *See* P.L.1911, ch. 174, § 4.

2. Me.Const. art. 9, § 8.

3. The annotation cites *Nason v. Ricker,* 63 Me. 381 (1873), as one authority for the opposite view where a tract is composed of contiguous lots. Nothing in the facts of the *Nason* case suggests that the lots there in question were contiguous. They were referred to in the assessment list as "two lots," and the assessors' description of them is suggestive, rather, of a conclusion that they were not contiguous. 63 Me. at 382.

At trial, appellant admitted that the land he received through the 1951 deed formed one solid parcel. He admitted that the assessor's description accurately described its northern and eastern boundaries and that the land of Harry E. Stevens, Jr. formed the western boundary. From the testimony the trial justice could have concluded that though there is doubt about the exact location of the southerly boundary, that boundary was a broken line with the "Town Road" forming its easterly portion and the land of E. A. Mitchell forming its westerly portion. Thus, the assessors' description of the south boundary of the parcel was not entirely accurate. However, the evidence sufficed to warrant a conclusion that the assessors described the property with sufficient accuracy to identify it, within the meaning of section 552 of the tax law. Moreover, since appellant owned no other land in the town, he cannot have been misled by the assessors' minor inaccuracy in describing the south boundary. The main purpose of section 552 is to make it possible for a landowner to identify on the assessment list any parcel he owns in order that he may have an opportunity to protest the assessment on that parcel. A related purpose lies behind the requirement in section 942 that a description of the real estate taxed be included in the notice of lien claim: the owner is thereby alerted that his title to the parcel described is in jeopardy. In the present case, those purposes could not have been frustrated in any degree by the minor inaccuracy in the description of the southerly boundary.

 Finally, appellant asserts that the court erred in treating the statutory requirements of foreclosure as satisfied despite the fact that appellee did not prove that when the tax collector recorded the tax lien certificate in the registry of deeds he also filed a true copy with the municipal treasurer pursuant to 36 M.R.S.A. § 942. The person claiming through a tax deed ordinarily has the burden of showing compliance with the procedures outlined by the statute. *Vigue v. Chapman,* 138 Me. 206, 24 A.2d 241 (1941). However, an amendment of 36 M.R.S.A. § 943, added to the tax statutes after the *Vigue* case was decided,[4] provides

"The tax lien mortgage shall be prima facie evidence in all courts in all proceedings by and against the municipality, its successors and assigns, of the truth of the statements therein and after the period of redemption has expired, of the title of the municipality to the real estate therein described, and of the regularity and validity of all proceedings with reference to the acquisition of title by such tax lien mortgage and the foreclosure thereof."

The tax lien certificates in the present case constituted prima facie evidence of regularity of all proceedings with reference to the acquisition of title by the tax lien mortgages and their foreclosure. There being no evidence introduced to the contrary, the trial court was justified in regarding the statutory requirements of foreclosure as having been satisfied.

The entry is:

Appeal denied.

Judgment affirmed.

POMEROY, J., did not sit.

DUFRESNE, A. R. J., sat at oral argument as Chief Justice, but retired prior to the preparation of the opinion. He has joined the opinion as Active Retired Justice.