## TOWN OF ORIENT

### v.

### Paul Eben DWYER.

Supreme Judicial Court of Maine.

Argued March 4, 1985.

Decided April 5, 1985.

Jordan & Goodridge, Donald H. Goodridge (orally), Philip K. Jordan, Houlton, for plaintiff.

Malcolm Berman (orally), Houlton, for defendant.

Before McKUSICK, C.J., and NICHOLS, VIOLETTE, WATHEN, GLASSMAN and SCOLNIK, JJ.

GLASSMAN, Justice.

Paul Eben Dwyer, the defendant, appeals from a judgment of the Superior Court, Aroostook County, affirming a summary judgment of the District Court, Houlton. By its summary judgment, the District Court established and confirmed title to three parcels of land in the plaintiff, the Town of Orient.

In April 1982, Eben Dwyer granted three parcels of land located in Orient to Paul Eben Dwyer by release deed. Each of these parcels of land was encumbered by tax liens, some of which were never discharged of record, and some of which had been discharged, but beyond the eighteen-month period of redemption provided in 36 M.R.S.A. § 943 (Supp.1984).

In March 1983, the Town of Orient (Town) filed an action for equitable relief after period of redemption in the District Court to establish and confirm the Town's title to the three pieces of property pursuant to 36 M.R.S.A. § 946 (1978). The defendant filed a timely answer.

Both parties filed motions for summary judgment. The Town appended to its motion the affidavit of James Briggs, a para-

legal who had researched records at the Registry of Deeds for the Town. Briggs attested that the descriptions in the tax lien certificates correctly describe the three parcels of property by setting forth the surrounding owners and lot numbers and referring to the deeds by volume and page. The defendant attached to his Rule 56 motion the affidavit of his sister, Virginia Dwyer Bradford, in which she stated the boundaries mentioned in the tax lien certificates do not seem the same as the boundaries in the three warranty deeds received by her father, Eben Dwyer.

After hearing and examination of the pleadings, affidavits, and exhibits, the District Court granted summary judgment to the Town, thereby quieting title to the three parcels of land in the Town. The defendant appealed from the District Court judgment to the Superior Court. The Superior Court affirmed the District Court judgment, finding there was no "critical fact that, disputed, would alter the result announced by the District Court." The defendant filed a timely notice of appeal to this court. We affirm.

◼ Title 36 M.R.S.A. § 942 requires a tax lien certificate to set forth a description of the real estate on which the tax is assessed. The description in the certificate must be "sufficiently accurate to identify the property assessed with reasonable certainty." *Fickett v. Hohlfeld*, 390 A.2d 469, 471 (Me.1978); *Oceanic Hotel Co. v. Angell*, 143 Me. 160, 162, 57 A.2d 143, 144 (1948). The purpose of the requirement is to alert the landowner that his title to the land described is in jeopardy. *Fickett v. Hohlfeld*, 390 A.2d at 472.

The defendant contends that the grant of summary judgment in favor of the Town was improper because a genuine issue of material fact, that is, the sufficiency of the certificates' descriptions of the parcels, remained. Our examination of the record reveals no support for the defendant's position. Apart from the technical flaws in the affidavit submitted by the defendant, to which the Town now unseasonably objects,

the affidavit fails to controvert the statements made in the Town's affidavit.

◼ Initially, we note the defects in the Town's affidavit. Conclusions of fact and law do not properly belong in an affidavit filed in support of a motion for summary judgment. 10A C. Wright, A. Miller & M. Kane, *Federal Practice & Procedure* § 2738 at 486–89 (2d ed. 1983). Nor should a movant rely upon statements purporting to describe the substance or to interpret the contents of documents. *Id.* § 2722 at 56–58. The averment of the Town's affiant that the descriptions in the tax lien certificates correctly identify the parcels of land is without question a conclusory interpretation of the records he examined.

Furthermore, Rule 56(e) requires "[s]worn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith." M.R.Civ.P. 56(e); *see Vahlsing Christina Corp. v. Stanley*, 487 A.2d 264, 266 (Me.1985). After examining records in the Registry of Deeds to determine ownership of the parcels of land adjacent to Dwyer's, the Town's affiant swore that the descriptions in the certificates are correct, but he failed to attach copies of the deeds.

◼ Despite these defects, we hold the defendant by his failure to object waived the violations of the requirements of Rule 56. *Cf. Farrell v. Theriault*, 464 A.2d 188, 194 (Me.1983) (objection to documents neither sworn nor certified and attached to affidavit waived). In order to defeat the Town's motion for summary judgment, it was incumbent upon the defendant to refute the substance of the Town's affidavit by demonstrating that a genuine issue of material fact existed for trial. *See* M.R. Civ.P. 56(c). This he did not do.

◼ The Town's affiant attested that, for each of the parcels of land in question, he:

abstracted records at the Registry of Deeds to determine ownership of real estate on adjacent parcels as set forth in said tax liens.... The tax liens and the

descriptions contained therein correctly describe those premises ... by setting forth the surrounding owners of real estate along with additional information contained in said tax liens making references to volumes and pages of deeds, along with lot number.

The defendant did not dispute that records in the Registry of Deeds place the owners mentioned in the tax lien certificates in the chain of title of the neighboring lots. He relied instead on his sister's observations that the descriptions do not seem to match, boundary for boundary, the descriptions in the deeds received by her father. Accepting as true the uncontroverted statements of the Town's affiant, we uphold the grant of summary judgment to the Town. *See Vahlsing Christina Corp. v. Stanley*, 487 A.2d at 266.

The entry is:

Judgment affirmed.

All concurring.