Philip D. JOHNSON

v.

TOWN OF DEDHAM.

Supreme Judicial Court of Maine.

Argued March 13, 1984.

Decided April 9, 1985.

Paine, Lynch & Harris, John D. Bunker (orally), Martha J. Harris, Bangor, for plaintiff.

Anderson, Merrill, Norton & Relyea, Lawrence E. Merrill (orally), Bangor, for defendant.

Before NICHOLS, ROBERTS, VIOL-ETTE, WATHEN, GLASSMAN and SCOL-NIK, JJ.

ROBERTS, Justice.

The Town of Dedham appeals from a Superior Court judgment which vested Philip D. Johnson with fee simple title to four parcels of land that Dedham claims it acquired through tax liens recorded between 1948 and 1950. The parcels are located in the Lucerne-in-Maine Village Corporation which is situated within the Town of Dedham. On appeal, Dedham contends that the Superior Court erroneously concluded that (1) Johnson's action was not time-barred by 14 M.R.S.A. § 801 (1980), 14 M.R.S.A. § 816 (1980), or by the doctrine of laches; (2) a specific finding that Johnson, and those through whom he claimed, possessed the land for at least four years was unnecessary; (3) Dedham's tax liens were invalid because they inadequately described the subject real estate; (4) one of the tax liens was invalid because it related to two separate and non-contiguous parcels; and (5) a tax lien recorded by Lucerne prior to a lien recorded by Dedham vested title to that property in Lucerne, thereby enabling Lucerne to convey a fee interest to John-

son. The parties stipulated that Johnson has record title to all of the property in question subject to the effect, if any, of the Dedham tax liens. We affirm the judgment of the Superior Court.

### I.

■ Dedham contends that Johnson's action is barred by 14 M.R.S.A. § 801 (1980), 14 M.R.S.A. § 816 (1980), and by the doctrine of laches. Title by adverse possession may be established either under the common law or pursuant to statutory provisions. *See John Wallingford Fruit House Inc. v. MacPherson*, 386 A.2d 332, 333 (Me. 1978). Possession that is sufficient to convey title by adverse possession must be "actual, open, notorious, hostile, under claim of right, continuous, and exclusive for a period of at least twenty years." *Glover v. Graham*, 459 A.2d 1080, 1084 n. 7 (Me.1983) (citing *McMullen v. Dowley*, 418 A.2d 1147, 1152 (Me.1980)).

Section 801 is a twenty-year statute drafted in terms of an absolute statute of limitations which we have interpreted to be subject to the general elements of adverse possession. *Inhabitants of School District No. 4 v. Benson*, 31 Me. 381 (1850). Section 816 provides a statutory standard for uncultivated lands situated in incorporated places where the adverse possessor for twenty years (1) claims the land under a recorded deed; (2) pays all taxes assessed on the land; and (3) holds such exclusive, peaceable, continuous and adverse possession of the land as comports with ordinary management of such uncultivated lands in this state.

■ The practical effect of Dedham's contention is that a municipality claiming title under an invalid tax lien can acquire the land from the true owner unless that owner commences a lawsuit within twenty years after imposition of an invalid lien. However, an action brought under section 801 accrues when a person is disseized. 14 M.R.S.A. § 803(1) (1980). Because Dedham exercised no acts of possession over the land and because an invalid tax lien cannot operate to disseize a landowner, the limitations period under sections 801 and 816 had not yet begun.

■ Laches is negligence or an omission seasonably to assert a right. *Stewart v. Grant*, 126 Me. 195, 201, 137 A. 63, 66 (1927). It is "an omission to assert a right for an unreasonable and unexplained length of time and under circumstances prejudicial to the adverse party." *A.H. Benoit & Co. v. Johnson*, 160 Me. 201, 207, 202 A.2d 1, 5 (1964). There is no indication in the record that Dedham has been subjected to prejudicial circumstances by Johnson's failure to obtain what is, in effect, a judicial declaration that Dedham's tax liens are invalid. In fact, the doctrine could be asserted more properly against Dedham for its failure to establish possession of and title to the property since the last period of redemption expired in 1952.

### II.

■ Dedham argues in the alternative that the Superior Court erred in failing to require that Johnson prove uninterrupted possession of the land by himself or those under whom he claims for at least four years as required by 14 M.R.S.A. § 6651 (1980). Because Dedham first raised this issue in its brief filed with the Law Court, we decline to decide the question. We have no reason to depart from the "well-settled rule of sound appellate practice . . . that a party who seeks to raise an issue for the first time on appeal . . . will be denied appellate review. . . ." *Emerson v. Ham*, 411 A.2d 687, 690 (Me.1980) (citing *Mandarelli v. McGovern*, 393 A.2d 533, 536 (Me.1978)).

■ Although we are not required to address this issue, we note that the record reveals sufficient evidence of Johnson's possession to satisfy the statutory requirement. Section 6658 of title 14 provides that if the disputed real estate is wild land, the proof must be of "such open, exclusive, peaceable, continuous and adverse possession thereof as comports with the ordinary

management of wild lands in this State...." Johnson's testimony that he had cut wood and permitted others to pick berries and clear trees blown down along the boundary of the three parcels described in his complaint[1] demonstrates behavior consistent with ordinary management of wild lands.

### III.

Dedham maintains that the Superior Court erred in concluding that the tax liens allegedly pertaining to two of the four parcels of property were invalid because they inadequately described the property. Liens to secure the payment of real estate taxes are authorized by 36 M.R.S.A. § 552 (1978) "provided ... there shall be a description of the real estate taxed sufficiently accurate to identify it." *Id.* Furthermore, the notice of a tax lien and the tax lien certificate must contain a description of the real estate. 36 M.R.S.A. § 942 (1978), *amended by* 36 M.R.S.A. § 942 (Supp.1984) (amendments not relevant to this action).

Dedham claims to have acquired title to a 275 acre parcel by virtue of two tax liens. The first tax lien described the property as "275 acres more or less in Temple Survey (formerly Lucerne-in-Maine Community Association) Mann Lot." The second lien describes the property as "275 acres more or less, in Temple Survey (Formerly Lucerne-in-Maine Community Association) Mann Lot. See Han. Registry of Deeds, Book 649, Pg. 143."

The "Temple Survey" is not in existence either in the Hancock County Registry of Deeds or in the Dedham Town Office. The "Mann Lot" is located on a current survey known as the Hagan Plan, but it is not the property intended to be described in the liens. Finally, the Hancock Registry of Deeds reference in the second description

refers to a "646 acre lot" which, in fact, describes the property in the town's counterclaim, rather than the 275 acre parcel.

Dedham's claim to a 70 acre parcel is also based on two tax liens which contain similar descriptions. The first description refers to "70 acres more or less being the southerly part of the Stockwell lot, North of Clear Lake. See Han.Reg. of Deeds, Book 688, Page 59." The second description is identical except that the parcel is referred to as the "southeasterly" part of the Stockwell lot. There is no reference in the liens to any particular plan which might depict a Stockwell lot, although it appears that the parcel intended to be described involves a portion of the Stockwell Lot appearing in the Hagan Plan. Moreover, the registry reference refers to land in Southwest Harbor, Maine.

■■■■ The description of real estate "must be sufficiently accurate to identify the property assessed with reasonable certainty." *Fickett v. Hohlfeld,* 390 A.2d 469, 471 (Me.1978); *Davis v. City of Ellsworth,* 281 A.2d 138, 138 (Me.1971). Further, "[t]he statutes governing the procedures whereby an owner may lose his property for the nonpayment of taxes are to be strictly construed against the taxing authority." *City of Augusta v. Allen,* 438 A.2d 472, 474 (Me.1981). Because the descriptions in the two parcels described above are inaccurate and insufficient to identify the land upon which the lien is placed, they are invalid and as such have no legal effect on title.

### IV.

■■■■ Dedham's claim to property under two tax liens, each of which relate to 245 acres of land on two lots, are invalid because each covers two non-contiguous parcels.[2] Assessors are required to esti-

---

1. The question of title to the fourth parcel of land is brought as a counterclaim by Dedham pursuant to the Declaratory Judgments Act, 14 M.R.S.A. §§ 5951–5963 (1980). The requirements of 14 M.R.S.A. § 6651 (1980) are therefore inapplicable to that parcel.

2. The two liens described the two non-contiguous lots as follows:

(1) "2 lots of land containing about 245 acres more or less east of Fitts Mill lot being lots 57 and 58 in Temple survey. See Han.Reg.Deeds

mate and record separately the value of each parcel of real estate. 36 M.R.S.A. § 708 (1978). Furthermore, a tax lien that, through its description, purports to encumber two separate parcels is invalid. *See McCarty v. Greenlawn Cemetary Ass'n,* 158 Me. 388, 185 A.2d 127 (1962); *cf. City of Augusta v. Allen,* 438 A.2d 472 (Me. 1981) (public road dividing otherwise single unbroken land area did not create separate parcels); *Fickett v. Hohlfeld,* 390 A.2d 469 (Me.1978) (where two lots formed solid tract with no apparent division and both parts were used indiscriminately for hunting, woodcutting and recreation, such tract could be assessed as one parcel). Because the acreage consists of two non-contiguous separately described parcels, the Superior Court properly concluded that the single tax liens attempting to cover both parcels were invalid.

### V.

The Superior Court also properly concluded that Johnson held complete title to a 646 acre parcel which is the subject of Dedham's counterclaim. The parties stipulated that Johnson owned that parcel prior to 1949 and that he held record title to that parcel subject only to the effect, if any, of a Dedham tax lien recorded in 1950. Prior to the 1950 tax lien, Dedham caused a tax lien to be recorded in 1949 on behalf of Lucerne. After expiration of the 1949 tax lien, Lucerne conveyed its interest, if any, to Johnson.

Dedham argues that Lucerne could not acquire and transfer title to the parcel by virtue of the 1949 lien because it is merely a corporation, and only a municipality may create tax liens and ultimately acquire title

through a tax lien mortgage.[3] Dedham concludes that the 1949 lien could operate only to vest title to the 646 acre parcel in Dedham because no statute or provision of the Lucerne charter provided for acquisition of title to land, although there is provision for the transfer to Lucerne of monies collected by Dedham.

 This argument goes beyond the issue presented at trial. The court was not asked to decide whether the 1949 lien ultimately vested title in Dedham instead of Lucerne or whether Lucerne had any title to convey to Johnson. The issue presented was whether Dedham's 1950 tax lien was effective to deprive Johnson of his title. Because Dedham was responsible for the 1949 lien being recorded in the name of Lucerne, it cannot now be heard to challenge the validity of that lien. Regardless whether the 1949 lien vested title in Lucerne, it at least was effective to extinguish the unripened 1950 lien recorded by Dedham. Therefore, the extinguished 1950 lien can have no effect on Johnson's record title.

We have carefully reviewed each of the five contentions of the Town of Dedham and have determined that none has merit. Accordingly, we affirm the decision of the Superior Court.

The entry is:

Judgment affirmed.

All concurring.

---

Book 680, Pge. 279. See Han.Reg.Deeds Book 683, Pge. 70.
(2) "2 lots of land containing about 245 acres easterly of State Highway "M". Formerly Lillis Corp. See Han.Reg. of Deeds Book 680, Pge. 279. See Han.Reg. of Deeds, book 683, Pge. 70."

**3.** The Lucerne-in-Maine Village Corporation was incorporated under the provisions of Chapter 43 of the Private and Special Laws of 1927. It is located within the Town of Dedham. The chapter contains provisions for the apportionment of taxes between the Town and the corporation on a percentage basis. It also contains provisions for the raising of additional funds for the use of the corporation by assessment. The tax collector of the Town of Dedham is responsible for the collection of taxes so assessed and has the same powers with respect to such collection as provided by law for the collection of regular town taxes.