STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
DOCKET NO. RE-17-0028

SPURWINK WOODS, LLC., a )
Maine Limited Liability Company )

ORDER ON MOTION FOR
SUMMARY JUDGMENT

)
v. )
)
ADELAIDE G. CUSACK, EDWIN )
M. PALMER, C. EDWIN PALMER, )
*et al.* )

STATE OF MAINE
Cumberland ss Clerk's Office

JUL 1 2 2017.

RECEIVED

Before the court is Plaintiff Spurwink Woods, LLC's motion for summary

judgment on a quiet title complaint. For the reasons below, this court grants the motion

in part and denies in part.

I. Procedural History

On January 27, 2017, Plaintiff Spurwink Woods, LLC ("Spurwink") filed a quiet

title claim against a long list of defendants, including named persons living and

deceased, and the descendants and spouses of these named persons, some of whom had

already signed a release deed in response to a prior mailing by Spurwink. The

complaint asks the court to establish title to two subject properties in fee simple

absolute, and contains two counts: (I) quiet title and claims in equity 14 M.R.S.A. §§

6651 *et seq*; 14 M.R.S.A. § 6051; and (II) declaratory judgment 14 M.R.S.A. §§ 5951 *et seq*.

On January 27, 2017, Spurwink filed a motion for service by publication, which was

ordered on February 28, 2017. 14 M.R.S.A. § 6653. On January 27, 2017, Spurwink filed a

motion for appointment of a named-agent and/or next friend for unknown defendants

who may not have been actually served with process and who had not appeared in the

action (the "Unknown Parties"), which was ordered on February 9, 2017. 14 M.R.S.A. §

6656. Spurwink filed a motion to remove named defendants who executed release

deeds from the action on March 22, 2017, which was ordered on March 23, 2017. On

**Plaintiff-Gerald Schofield, Esq.**
**Defendants' Agent-David Sinclair, Esq.**

April 10, 2017, the named-agent answered the complaint and denied every paragraph and count. Notice of the suit to quiet title on the two parcels was published on March 24, March 31, and April 7, 2017. (S.M.F. ¶ 33.) On May 30, 2017, Spurwink filed a motion for summary judgment and incorporated memorandum of law. Specifically, Spurwink asks this court to order that: (1) the Town of Cape Elizabeth ("The Town") acquired all right, title , and interest in the two subject properties by virtue of statutory tax lien foreclosures; (2) Spurwink acquired title to the properties via quitclaim deeds from the Town on May 16, 2005; (3) the Defendants and Unknown Parties were properly served; (4) and the Defendants and Unknown Parties are barred and forever estopped from claiming rights in the property adverse to Spurwink. The named-agent had signed a waiver of the 21-day notice provision, stating the Defendants and Unknown Parties had no objection to the motion for summary judgment on May 25, 2017.

II. Standard of review

The filing of a motion must be accompanied by a memorandum of law which shall include citations of supporting authorities. M.R. Civ.P. 7(3). A motion for summary judgment must be supported by a statement of material facts where each fact asserted shall be supported by a citation to the specific page or paragraph of identified record material supporting the assertion. M.R. Civ. P. 56(h)(1),(4). The record considered in summary judgment is limited to the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits referred to in the statement of material facts. M.R. Civ. P. 56(c). Referenced affidavits must have been made by persons with personal knowledge who are competent to testify on the matters stated therein, and sworn or certified copies of all papers referred to shall be attached. M.R. Civ. P. 56(e). Facts contained in the statement of material facts, if supported by record citations as required by this rule, shall be deemed admitted unless properly controverted. The court

may disregard any statement of fact not supported by a specific citation to record material properly considered on summary judgment. M.R. Civ. P 56(h)(4).

Summary judgment is appropriate, if based on the parties' statement of material facts and the cited record, no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Beal v. Allstate Ins. Co.*, 2010 ME 20, ¶ 11, 989 A. 2d 733; *Dyer v. Dep't of Transport.*, 2008 ME 106, ¶ 14, 951 A.2d 821. "[A] fact is material if it could potentially affect the outcome of the case." *Reliance Nat'l Indem. v. Knowles Indus. Servs.*, 2005 ME 29, ¶ 7, 868 A.2d 220. A genuine issue of material fact exists where the fact finder must choose between competing versions of the truth. *Id.* (citing *Univ. of Me. Found. v. Fleet Bank of Me.*, 2003 ME 20, ¶ 20, 817 A.2d 871). When deciding a motion for summary judgment, the court reviews the materials in the light most favorable to the non-moving party, and will give that party the benefit of all reasonable inferences. *Lewis v. GEICO Gen. Ins. Co.*, 600 F. Supp. 2d 220, 221 (D. Me. 2009); *Dyer*, 2008 ME 106, ¶ 14, 951 A.2d 821. The adverse party may not rest upon the mere allegations or denials of that party's pleading, but must respond by affidavits or as otherwise provided in this rule, setting forth specific facts showing that there is a genuine issue for trial. M.R. Civ. P. 56(e) The party opposing a summary judgment must point to specific facts showing that a factual dispute does exist to avoid a summary judgment. *Watt v. Unifirst Corp.*, 2009 ME 47, ¶ 21, 969 A.2d 897; *Reliance Nat'l Indem.*, 2005 ME 29, ¶ 9, 868 A.2d 220. However, the fact that motion is not opposed does not assure the request for relief will be granted. M.R. Civ. P. 7(b)(7).

III. Discussion

*a. Procedural issues*

As an initial matter, there are two procedural issues for this court to address.

1. Missing notice

Spurwink's motion for summary judgment only includes the mandatory 21-day notice. M.R. Civ. P. 7(b)(1)(A); (Pl.'s Mot. Summ. J. 11.) A motion for summary judgment must fulfill additional notice requirements. M.R. Civ. P. 7(b)(1)(B). The court notes that Spurwink has not include the summary judgment notice. (Pl.'s Mot. Summ. J. 11.) Failure to provide the 7(b)(1)(B) notice is not fatal, where the purpose of the rule is to provide unrepresented litigants with a means of properly responding to a motion for summary judgment. *State v. Minervino*, No. CV-02-28 2002 Me. Super. LEXIS 265, at *5 (Me. Super. Ct. Aug. 26, 2002.) Here, Defendants and Unknown Parties are represented by the named-agent. Therefore, the failure to include the notice does not require the court to disregard Spurwink's motion. The court expects Defendants and Unknown Parties to meet the Rule 56(h) requirements.

2. Citations to the complaint in the statement of material facts

Spurwink bases the motion for summary judgment upon the pleadings, the supporting statement of material facts, and the named-agent's waiver of 21-day notice. (Pl.'s Mot. Summ. J. 1.) A complaint is a pleading within Maine Rule of Civil Procedure 7(a), and hence, a filing that is contemplated and permissible for review under Rule 56. *Jones v. Chalmers Ins. Agency*, No. CV-12-336, 2014 Me. Super. LEXIS 102, at *3 (Me. Super. Ct. June 30, 2014.) However, mere references to the complaint and/or to a conclusory affidavit by a party's own attorney may be insufficient support for the party's factual assertions. *E.g., Levine v. R.B.K. Caly Corp.*, 2001 ME 77, ¶¶ 8-10, 770 A.2d 653. Here, Spurwink asserts numerous statements of material fact which are supported by references to paragraphs in the complaint which, in turn, are unsupported. For example, Spurwink asserts that in 1972, the "8 South Street" property passed from Adelaide Cusack to her heirs at law when she died without a will (S.M.F. ¶ 6; Compl. ¶

5.) Therefore, the court applies its discretion in the regard applied to these facts. M.R. Civ. P. 56(h)(4).

*b. Substantive issues*

1. The Town's acquisition of property rights

Spurwink argues that the Town acquired all right, title, and interest to the two subject properties by virtue of "Maine's statutory automatic tax lien foreclosure provisions." (Pl.s Mot. Summ. J. 3-4.) The court assumes Spurwink is referring to Me. Rev. Stat. Ann. tit. 36, § 943, whereby an unpaid tax lien mortgage is deemed to have been foreclosed after 18 months, where the mortgage has priority over all other mortgages, liens, attachments and encumbrances of any nature, and where the municipality receives all the rights usually incident to a mortgagee. If tax liens are introduced to evidence, which are valid on their face, and the opposing party introduces no evidence attacking the validity of the liens, the party has made out a prima facie case pursuant to Me. Rev. Stat. Ann. tit. 36, § 943 and may prevail on a claim for title to the property based on the liens. *Harrington v. Garland*, 381 A.2d 639, 1978 Me. LEXIS 1056 (Me. 1978). Tax lien foreclosures vest full and unencumbered title in the municipality upon the failure to redeem. *Ocwen Fed. Bank v. Gile*, 777 A.2d 275, 2001 Me. LEXIS 123 (Me. 2001). The tax lien mortgage is prima facie evidence in all proceedings by and against the municipality, its successors and assigns, of the truth of the statements therein and after the period of redemption has expired, of the title of the municipality to the real estate, and of the regularity and validity of all proceedings with reference to the acquisition of title by such tax lien mortgage and the foreclosure thereof. *Fickett v. Hohlfeld*, 390 A.2d 469, 1978 Me. LEXIS 794 (Me. 1978); *Martel v. Bearce*, 311 A.2d 540, 1973 Me. LEXIS 360 (Me. 1973). A party attacking title by tax foreclosure had the burden of proving that the nonexistence of the presumed facts was more

probable than their existence. *Augusta v. Allen*, 438 A.2d 472, 1981 Me. LEXIS 1044 (Me. 1981).

Here, Spurwink has asserted the existence of recorded tax liens on the two subject properties. (S.M.F. ¶¶ 8, 16.) The named-agent initially denied all the paragraphs of the complaint, which included the exhibits containing copies of the liens. (Answer of Named-Agent 1; Compl. ¶¶ 7,15 Ex. B, C, E, F.) The named-agent then stated that he had no objection to the motion for summary judgment after review of all materials related to the matter, and made no challenge to the validity of the tax lien foreclosures. (Named-Agent's Waiver of 21-Day Notice 1.) Therefore, there is no triable issue on whether the Town's tax lien foreclosures vested full and unencumbered title in the Town.

## 2. The Town's quitclaim deeds to Spurwink

Spurwink argues that the Town conveyed its acquired interest in the subject properties to Spurwink via quitclaim deeds on May 16, 2005. (Pl.s Mot. Summ. J. 2.) To survive a plaintiff's summary judgment motion regarding a title transfer, a defendant must set forth specific facts establishing a genuine issue for trial regard the elements of that transfer. *Levis v. Konitzky*, 2016 ME 167, ¶ 23, 151 A.3d 20. Here, Spurwink provided copies of the quitclaim deeds from the Town to Spurwink. (S.M.F. ¶¶ 3, 10.) Whatever interest in property existed prior to the tax lien foreclosure was lost when when the Town obtained the interest. *Dionne v. LeClerc*, 2006 ME 34, ¶ 11, 896 A.2d 923. The named-agent initially denied all the paragraphs of the complaint, which included the exhibits containing copies of the deeds. (Answer of Named-Agent 1; Compl. ¶¶ 2, 9 Ex. A, D.) The named-agent then stated that he had no objection to the motion for summary judgment after review of all materials related to the matter, and made no challenge to the validity of the deeds. (Named-Agent's Waiver of 21-Day Notice 1.) Therefore, there

is no triable issue on the validity of the Town's conveyance of the property interests to Spurwink. This conveyance does not cure any defects in the chain of title that may have existed prior to the Town's tax lien foreclosure, because the Town's transfer was to Spurwink which is not an entity within the original chain. *Cf. Dionne* ¶ 11. By using a quitclaim deed, despite the assurances provided in the real estate lien statutes, the Town offers no warranty to Spurwink as to the status of the properties' titles. 36 M.R.S. § 943.

3. Elements of the quiet title claim

Spurwink argues that no genuine issues of material fact exist in their request for this court to order a quiet title. (Pl.s Mot. Summ. J. 10.) A party may bring a quiet title action if they have been in uninterrupted, i.e. continuous and exclusive, possession for 10 years. 14 M.R.S. § 6651; *see Levis v. Konitzky*, 2016 ME 167, ¶ 24, 151 A.3d 20; *see Chickering v. Yates*, 420 A.2d 1219, 1223 (Me. 1980). 14 M.R.S. § 6651. The claimant must set forth his estate, state the source of his title, describe the premises, and: (1) aver that an apprehension exists that persons named in the complaint, or persons unknown claiming as heirs, devisees or assigns, or in any other way, by, through or under a person or persons named in the complaint, claim or may claim some right, title or interest in the premises adverse to his said estate; (2) aver that such apprehension creates a cloud upon the title and depreciates the market value of the property; and (3) pray that such persons be summoned to show cause why they should not bring an action to try their title to the described premises. 14 M.R.S. § 6651. If any supposed claimants are unknown, the plaintiff shall so allege under oath. *Id.* Service must be made as on all supposed known claimants residing either in the State or outside the State, and notice to persons who are unascertained, not in being or unknown shall be given by publication. 14 M.R.S. § 6653. If the court upon hearing finds that the

allegations of the complaint are true and that notice by publication has been given as ordered, it shall order that all defendants and unknown persons shall be forever debarred and estopped from having or claiming any right or title adverse to the plaintiff in the premises described in the complaint. 14 M.R.S. § 6654.

Here, Spurwink has met the time requirement for their quiet title claim where quitclaim deeds were issued from the Town to Spurwink in 2005. (S.M.F. ¶¶ 3, 10). Spurwink alleged under oath unknown claimants, who were represented by court order by a named-agent and provided notice through publication. (Order on Mot. Service by Publication ¶ 2; S.M.F. ¶ 33.) Spurwink claims a fee estate with the source being quitclaim deeds from the Town, which itself acquired interest in the properties via tax lien foreclosures, and provides descriptions of the premises. (S.M.F. ¶¶ 3, 8, 17.) Spurwink has made the required averments of apprehension and cloud on title. (S.M.F. ¶¶ 22, 23.) The named-agent initially denied all the paragraphs of the complaint, then stated that he had no objection to the motion for summary judgment after review of all materials related to the matter. (Answer of Named-Agent 1; (Named-Agent's Waiver of 21-Day Notice 1.) Therefore, no issues of material fact remain in this quiet title claim. The court notes that there remain averments in the statement of material facts that were unsupported for the purposes of summary judgment relating to the transfers of interest in the properties prior to the tax lien foreclosures. For example, Spurwink avers that C. Edwin Palmer took ownership of one of the properties based on a tax lien issued in his name alone and the apparent absence of deeds to the contrary. (S.M.F. ¶ 15.) These averments were not material facts in the determination of the summary judgment motion, and consequently the court declines to decide on the truth of these averments at this time. Spurwink holds whatever interest the Town held at the time of the execution of the quitclaim deeds.

## IV. Conclusion

Plaintiff's motion for summary judgment is GRANTED in part and DENIED in part. Spurwink acquired by quitclaim deeds whatever right, title, and interest was held by the Town in the two subject properties by virtue of statutory tax lien foreclosures. The Defendants and Unknown Parties are barred and forever estopped from claiming rights in the property adverse to Spurwink.

The Clerk is directed to enter this Order on the civil docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Date: July 12, 2017

Lance E. Walker
Justice, Superior Court